(152 App. Div. 687.)

### FROST v. EMANUEL et al.

(Supreme Court, Appellate Division, Second Department.　October 4, 1912.)

WILLS (§ 15*)—VALUE—DETERMINATION.

　　A testatrix created a life estate in certain property in favor of her husband, with remainder to a missionary society.　The remainder in excess of one-half the estate was held invalid by the surrogate under Laws 1860, c. 360, prohibiting the devise of more than half of the estate under certain circumstances to charitable and religious institutions; the will being admitted to probate as a valid devise of half of the estate.　The missionary society contracted to pay the husband $1 a day during his lifetime for his estate, which it did for 16 years, when he died.　*Held* that, the life estate having actually terminated, its actual value, and not its value estimated by determining the expectancy in accordance with life tables, should be considered in determining whether the devise to the society was in excess of one-half of the estate.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 36; Dec. Dig. § 15.*]

Appeal from Special Term, Kings County.

Action by Theodora B. Frost against Emilie B. Emanuel and others.　From a judgment dismissing plaintiff's complaint, she appeals. Affirmed.

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

William R. Keese, of New York City (Samuel Walker, of Brooklyn, on the brief), for appellant.

Lemuel Skidmore, of New York City, for respondent Board of Foreign Missions of M. E. Church.

WOODWARD, J.　The plaintiff brings this action in partition. There are no disputed facts.　One Bernhardina Hartman was the owner of two certain parcels of improved land in the borough of Brooklyn.　She died on the 8th day of March, 1891, leaving a last will and testament, by the terms of which she created a life estate in favor of her husband, Ludwig Christian Hartman, with the remainder over to the Missionary Society of the Methodist Episcopal Church. This latter provision was held by the surrogate to be contrary to the provisions of chapter 360 of the Laws of 1860, prohibiting the devise of more than one-half of an estate under certain circumstances to charitable and religious institutions, and the will was admitted to probate as a valid devise of one-half of the estate.　In other words, the will was found by the surrogate to comply with all of the formalities of law, and it was admitted to probate, its provisions being limited by the statute above referred to, and if there was any excess of one-half of such estate devised to the Missionary Society, it of course vested in the heirs at law of the decedent.

The defendant, the Missionary Society, entered into an agreement with the life tenant, by which it undertook to pay him the sum of $1 per day during his lifetime for his estate, and this contract ap-

pears to have been performed for a period of 16 years, when the life tenant died. The theory of the plaintiff is that the estate not conveyed by the will to the life tenant and the Missionary Society vested in the heirs at law at the death of the testatrix, and that the value of the said life estate should be determined by the Northampton Tables as of the date of the death of the testatrix, and not as of the date of that of the life tenant. The learned court at Special Term held in a memorandum that:

"Where the question arises after the duration of the life estate has been demonstrated, the actual fact must be taken as the basis of computation."

And this was the doctrine of Matter of Teed, 59 Hun, 63, 12 N. Y. Supp. 642, and Rich v. Tiffany, 2 App. Div. 25, 37 N. Y. Supp. 330. The rule was laid down in Hollis v. Drew Theological Seminary, 95 N. Y. 166, 178, that:

"To ascertain whether a testator has given more than one-half of his estate, his whole estate must be treated as converted into money at his death, and if the money value of the portion given is not more than one-half, then the statute has not been violated."

And it was there held that, the life estate not having been terminated, it was proper to determine the value of the life estate by reference to the Northampton Tables or other standards, which was merely asserting the doctrine that in every case the best evidence should be given. In the case now before us the value of the life estate is known; the exact length of time which the life beneficiary lived, and the value of that use, are easily ascertainable; and to adopt an uncertain standard, when the exact standard is at hand, would be contrary to a fundamental rule of law. The value of the estate, should be determined as of the date of the death of the testator, and the value of the life estate should be fixed as of that date, based upon the now known facts. Tried by this standard, there is no evidence in the case to show that the testator disposed of more than one-half the value of his estate to the Missionary Society, and the complaint was properly dismissed.

The judgment appealed from should be affirmed, with costs. All concur.