In the Matter of the Petition of BROOKLYN TRUST COMPANY to Render and Settle Its Account as Trustee, etc., of WILLIAM H. SEYMOUR, in and by the Will of CAROLINE A. SEYMOUR, Deceased.

MARY S. MACARTHUR, as Executrix, etc., of WILLIAM H. SEYMOUR, Deceased, Appellant; THE CHURCH CHARITY FOUNDATION OF LONG ISLAND and Others, Respondents.

Second Department, June 25, 1924.

Wills — construction — equitable conversion — devise of use of house to husband so long as he occupied it with direction to sell thereafter and .pay proceeds to residuary estate is not equitable conversion — bequest of remainder of estate to charity is valid to extent of one-half of gross estate less debts of testatrix as of time of her death — allowance of interest at five per cent compounded annually on one-half of estate is proper to determine value at time of death of testatrix — improper to allow interest from death of testatrix on one-half of increase in value of estate materializing after death of life tenant — value of remainder to charity properly fixed upon basis of actual duration of life estate.

Equitable conversion of real property is not effected by a provision in a will devising the use of a house to the husband of the testatrix so long as he shall occupy it personally, and directing that thereafter the house shall be sold and the proceeds thereof paid into the residuary estate.

A bequest to a charitable corporation of the entire remainder of an estate is valid only to the extent of one-half of the gross estate less debts as of the time of the death of the. testatrix.

For the purpose of determining the amount which could legally go to the charitable corporation on the death of the life tenant, the court properly allowed interest at the rate of five per cent per annum compounded annually on one- half of the

net estate as of the time of the death of the testatrix, but it was not proper to allow interest on one-half of the increase in the value of the estate from the date of the death of the testatrix, since that increase did not materialize until after the death of the life tenant.

The value of the remainder to the charitable corporation was properly fixed and determined upon the basis of the actual duration of the life estate, since such determination was made after the termination of the life estate.

APPEAL by Mary S. MacArthur, as executrix, etc., from parts of a decree of the Surrogate's Court of the county of Kings, entered in the office of the clerk of said court on the 29th day of January, 1924, passing the final account of the Brooklyn Trust Company, as trustee under the will of Caroline A. Seymour, deceased.

*Henry A. Ingraham* [*Samuel C. Worthen* with him on the brief], for the appellant.

*Ralph W. Crolly,* for the trustee, Brooklyn Trust Company.

*James S. Regan,* special guardian of unknown heirs.

*Ormi F. Hibbard,* for the respondent, The Church Charity Foundation of Long Island.

KELBY, J.:

Caroline A. Seymour died on the 17th day of April, 1920, seized of one parcel of real property and of considerable personal property. She left her surviving her husband, who was then eighty-five years of age, and who died on January 7, 1923.

The 3d paragraph of her will reads as follows:

" *Third.* I give to my said husband the use of my house 426 Clermont Avenue, Brooklyn, and of all the furniture therein, as long as he shall occupy the same for his own use. When such occupancy shall cease, the house and furniture shall be sold and the proceeds go into my residuary estate."

Several small trusts for the benefit of named beneficiaries were provided for in the 8th and 9th paragraphs of the will; and the 10th paragraph thereof reads as follows:

" *Tenth.* I give, devise and bequeath to my executors in trust, all the rest and residue of my estate, real and personal, to invest and keep the same invested during the life of my said husband, William H. Seymour, and to pay to him the net income from the same for his own use, and upon his death the principal of such residue is to go to the said ' The Church Charity Foundation of Long Island,' towards the erection of an easterly connecting wing to St. John's Hospital of said Society."

Upon the probate of her will, on October 16, 1920, it was, among other things, decreed that the disposition of the decedent's property, contained in her will to The Church Charity Foundation

of Long Island was invalid and illegal as to more than one-half
thereof, on the ground that the same was in contravention of
section 17 of the Decedent Estate Law.

The value of the personal property of which the decedent died
possessed amounted to $342,779.26. The decedent's debts
amounted to $2,199.94. The value of the personal property, less
debts, was, therefore, $340,579.32. The amount of increase in
the principal of the personal property, arising from sales or other-
wise, was $75,107.22. The value of the personal property, less
debts, plus increases therein, amounted to $415,686.54. The sales
price of the real property was $8,110; the appraised value at the
time of the death of the testatrix being $7,000.

William H. Seymour, the husband, having died, and the trust
for his benefit having terminated, the surrogate was called upon
to determine the amount to which The Church Charity Foundation
became entitled as upon his death. The surrogate decided that
The Church Charity Foundation was entitled to one-half of the
proceeds of the sale of the real property, which was sold by the
trustee after the husband's death, with interest thereon at the rate
of five per cent per annum, compounded annually, from the date
of the death of Mrs. Seymour to the date of her husband's death.
It was likewise decided by the surrogate that The Church Charity
Foundation was entitled to ninety-eight and two-tenths per cent
of one-half of the value of the property of which the decedent died
possessed, less debts, with interest thereon, compounded annually,
at the rate of five per cent per annum, from the date of the dece-
dent's death to the date of her husband's death; and that it was
also entitled to the same per cent of one-half of the increases in
the principal of the personal property arising from sales or otherwise,
with interest thereon, as aforesaid. The proportion of ninety-
eight and two-tenths per cent was arrived at by determining the
ratio which the value of the personal property of the trust created
for the benefit of the husband, received by the trustee from the
executor, bears to the value of the personal property of the four
trusts, received by the trustee from the executor.

The first question presented for review is whether or not the
gift of the real property under the 3d paragraph of the will, above
quoted, worked an equitable conversion of the realty into personalty.

The general intent of the testatrix was to set up a trust of
practically all of the property for the benefit of her husband during
his life, with a gift of the entire remainder to The Church Charity
Foundation. The testatrix also wished to leave her husband
undisturbed in the occupancy of their home. The direction to sell

42

can hardly be held to be an absolute direction to sell. Whether or not it was sold during the lifetime of the husband depended upon his desire to continue to live in the premises. An equitable conversion will not be presumed unless such a construction is necessary to accomplish the lawful purposes expressed in the will. The surrogate properly held that the direction to sell the real property was only a design in aid of distribution, and was but an incident to the devise for the purpose of absolute distribution; and that since the devise failed to dispose of one-half of the real property, because in violation of section 17 of the Decedent Estate Law, the conversion, therefore, also fell. (*Jones* v. *Kelly*, 170 N. Y. 401.) For the purpose of distribution under the statute, as intestate property, the proceeds of the sale of the real estate retains its character as real estate, and is payable to the heirs of the decedent. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Jones* v. *Kelly, supra; Barber* v. *Terry*, 224 N. Y. 334.)

Section 17 of the Decedent Estate Law reads as follows:

" § 17. Devise or bequest to certain societies, associations and corporations. No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

The provisions of this section relate to the time of the death of the person making the will. The vested remainder in the case at bar was more than one-half of the decedent's estate at the time of her death after the payment of debts. The statute expressly states that such bequest is valid to the extent of one-half. Therefore, the estate in remainder, bequeathed to the corporation, was changed by the statute to a bequest which would have at the time of her death a value of one-half of her gross estate, less her debts. (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166; *Matter of Durand*, 194 id. 477; *Frost* v. *Emanuel*, 152 App. Div. 687.) In computing the value of the estate for the purpose of section 17, after determining the net amount of the estate, as above mentioned, if, by reason of delay in the disposition of the estate, there should be a decrease in the value of the property, such decrease must be taken into consideration in ascertaining the value of the estate at the time of the death of the testator. (*Matter of Brooklyn Trust Co.*, 92 Misc. Rep. 695; affd., 179 App. Div. 262; *Matter of Suydam*, 122 Misc. Rep. 340.)

The gift of the remainder under the will, as modified by the

statute, was the gift of a remainder which, at the time of death, would have the value of one-half of the net estate; but as there was a valid life estate created, the time of the enjoyment of such remainder was postponed until the termination of the life estate; and the allowance of interest at the rate of five per cent per annum, compounded annually, was proper to determine the value at the time of the death of the life tenant. The allowance of interest on the one-half of the realty in the same way was also proper. In addition to this allowance of interest, the learned surrogate, however, has allowed interest on the increases accruing during the term of the trust from the date of the decedent's death. The bulk of such increases did not materialize until after the death of the life tenant, and interest on these increases could not fairly be allowed from the date of Mrs. Seymour's death. Upon this computation of interest the decree must be modified.

It is also contended on the part of the appellant that the value of the remainder to The Church Charity Foundation should not have been fixed and determined upon the basis of the actual duration of the life of William H. Seymour, but upon the expectancy of his life, according to the tables of mortality. A reference to the tables of mortality shows that there was a difference of but seventeen days between the expectancy of life, as shown by the tables, and the actual life of the life tenant. I agree with the appellant that this question is mainly academic, but in the case of *Frost* v. *Emanuel* (152 App. Div. 687) this court approved a decision of the Special Term that " ' where the question arises after the duration of the life estate has been demonstrated the actual fact must be taken as the basis of computation,' " citing *Matter of Teed* (59 Hun, 63) and *Rich* v. *Tiffany* (2 App. Div. 25), and distinguishing the case of *Hollis* v. *Drew Theological Seminary* (95 N. Y. 166), upon which latter case the appellant here relies.

The decree of the surrogate should be modified by striking out the allowance of interest on the increases of the principal of the estate occurring during the lifetime of the trust, and as thus modified affirmed, with costs payable out of the estate to all parties filing briefs in this court.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Decree of the Surrogate's Court of Kings county modified by striking out the allowance of interest on the increases of the principal of the estate occurring during the lifetime of the trust, and as thus modified affirmed, with costs payable out of the estate to all parties filing briefs in this court.