THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING JULY 14, 1927.

---

EDITH COTTON FISHER, Plaintiff, v. WALTER E. LISTER and Others, Defendants.*

Supreme Court, Warren County, July 14, 1927.

Partition — parties — action under Civil Practice Act, § 1016, may be maintained by person who, if will is held partially invalid under Decedent Estate Law, § 17, would participate in intestate's estate — wills — construction — trust for life to husband with remainder over to charity — husband, who had right to use principal, is dead — computation for purpose of determining violation of Decedent Estate Law, § 17, made on basis of actual and not computed value of husband's interest — unincorporated charity cannot take — other devisee takes one-fourth of estate.

An action in partition may be maintained under section 1016 of the Civil Practice Act by an heir at law, who, if the will of the testatrix were held to be partially invalid under section 17 of the Decedent Estate Law, would participate in a division of that portion of the estate which did not pass under the will.

Testatrix devised her property in trust for the benefit of her husband for life with remainder over to an unincorporated charitable association and to an incorporated charity. The will authorized the husband to use a part of the principal for his support and maintenance, if the income should be insufficient therefor. The husband died prior to the institution of this action by an heir at law of the testatrix for a partition of the real property. The action was based on the theory that the devises to the charities violate section 17 of the Decedent Estate Law.

In determining the value of the estate devised for the purpose of ascertaining whether or not more than one-half was given to charity, the rule to be applied, under the circumstances, is that the computation must be made on the basis of the actual value of the husband's interest in the property and not on the computed value thereof according to mortality tables. As so determined the will violates section 17 of the Decedent Estate Law, and as to all excess over one-half, the testatrix must be deemed to have died intestate.

One of the charities to which a part of the estate was devised was an unincorporated association and could not take the devise. The other devisee of the remainder is a corporation and is entitled to take one-fourth of the estate, the remainder to be divided among the heirs at law.

---

* Modified, 222 App. Div. ——.

ᵽ

ACTION for partition of real property.

*Chambers & Finn* [*Walter A. Chambers* and *J. Ward Russell* of counsel], for the plaintiff.

*Jenkins & Barker,* for the defendants Stephen H. Lockhart and others.

*Loyal L. Davis,* for the defendants Amherst Rebekah Lodge and Grand Lodge.

*J. Ward Russell,* for the defendant Lister.

*William Rooney,* for the defendants Streever.

HEFFERNAN, J. The plaintiff has brought this action as the heir of Anna B. Lockhart for the partition of certain real property situate in Warren county. Anna B. Lockhart died on June 19, 1922, without descendants, survived by her husband, Alexander Lockhart, and Calista Cotton and the plaintiff, her only heirs at law. She left a will dated June 7, 1922, in which the husband is named as executor. The will was probated in the Surrogate's Court of Warren county on July 31, 1922. Prior to the commencement of this action Calista Cotton died intestate, leaving the plaintiff as her only heir at law. On June 3, 1926, the plaintiff conveyed to the defendant Lister an undivided one-half part of whatever interest she may have in these premises.

By the terms of her will the testatrix gave to her husband the use of all her property during his life and empowered him, in his discretion, to sell the whole or any part of it. The will also authorizes the husband, in the event that the income and interest should be insufficient for his needs, to use and apply any part of the proceeds of the property for " his comfortable, proper maintenance and support." After the death of the beneficiary the will made the following disposition of the remainder of the estate: "After the death of my said husband, Alexander Lockhart, I give, devise and bequeath all that may then remain of my property, real and personal, whatsoever, unused by him and after deducting a sum sufficient to pay his funeral expenses and the expenses of his illness and for a headstone at his grave, unto Amherst Rebecca Lodge, No. 401, of Lake George, Warren County, New York, and the Grand Lodge of the Independent Order of Odd Fellows of the State of New York, equally, share and share alike, and I do hereby direct that said Grand Lodge shall use all the aforesaid legacy paid it for the maintenance of the Grand Lodge Home at Ithaca, New York, and credit the amount thereof to the Warren District."

The total estate left by the decedent amounted to $47,473.39,

the valuation of the real property being $45,000 and that of the personal property $2,473.39. After the payment of debts and funeral expenses the net estate was $46,186.13. Subsequently to his wife's death the husband received from the sale of real estate which she owned and which he conveyed to the defendants Lockhart and wife the sum of $3,500. He also received from the defendant Edward Streever $711, being the proceeds from the sale of timber.

At the time of his wife's death Alexander Lockhart was forty-nine years of age. He outlived her a period of three years, six months and twenty days and died on the 9th day of January, 1926, leaving a last will and testament dated September 27, 1923, in which the defendant Bessie Eldridge was named as executrix. His will was probated on February 2, 1926. His estate amounted to $3,851.51.

The defendant Amherst Rebekah Lodge, at the death of the testatrix and since April 18, 1908, was and still is an unincorporated voluntary association consisting of more than seven persons and was formed for charitable, benevolent and social purposes. The defendant Grand Lodge of the Independent Order of Odd Fellows of the State of New York is a domestic corporation and was created pursuant to the provisions of chapter 226 of the Laws of 1918. For over fifty years prior to its incorporation there had existed and was in operation an unincorporated voluntary association known as the Grand Lodge of the Independent Order of Odd Fellows formed and existing for charitable, benevolent, social and fraternal purposes.

The contention of the plaintiff is that although Mrs. Lockhart left a last will and testament purporting to dispose of her entire estate, she attempted to give more than one-half of it to benevolent and charitable organizations and consequently there was no valid disposition of the excess and that as to such excess she died intestate. In this action plaintiff alleges that the devise to the defendants the Grand Lodge and the Amherst Rebekah Lodge was in violation of section 17 of the Decedent Estate Law and void and also that the latter lodge, being unincorporated, is incapable of taking or holding real property. That statute, as amended by chapter 301 of the Laws of 1923, provides: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

Counsel for these defendants contend that the plaintiff cannot maintain this action and that the provision in the will for the benefit of the organizations which they represent does not contravene the statute. Thus it is that while this action in form is one for partition or sale in fact it is one to determine title. Section 1016 of the Civil Practice Act is to the effect that a person claiming to be entitled as a joint tenant or a tenant in common by reason of his being an heir of the person who died holding and in possession of real property may maintain an action for the partition thereof, whether he is in or out of possession, notwithstanding an apparent devise thereof to another by the decedent and possession under such a devise, but in such an action the plaintiff must allege and establish that the apparent devise is void.

It has been held that where a devise of real estate is invalid because the testator gave more than one-half of his estate to charitable institutions in violation of the provisions of this law heirs may maintain a partition action of that portion of the estate not carried by the devise. (*Barber* v. *Terry*, 224 N. Y. 334.) A person claiming as joint tenant or tenant in common, even though not in actual possession, may now maintain a suit for partition in which all questions of title affecting the entire property may be tried and adjudicated with the same effect as was formerly the practice in actions of ejectment. (*Kellum* v. *Corr*, 209 N. Y. 486.)

The defendants insist that section 17 of the Decedent Estate Law was passed for the benefit of the persons named in it and that the plaintiff, not being one of them, may not invoke its aid. It seems to me that this question is no longer an open one. The provisions of this statute may be insisted upon by any person who would derive a benefit therefrom although not one of the persons designated therein. (*Harris* v. *American Bible Society*, 2 Abb. Ct. App. Dec. 316; *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485; *Decker* v. *Vreeland*, 220 id. 326.) The cases of *Amherst College* v. *Ritch* (151 N. Y. 282) and *Allen* v. *Stevens* (161 id. 122) upon which the defendants rely, when properly analyzed, are not in conflict with these views.

The defendants also assert that in determining whether the testatrix has given more than one-half of her estate to charity in violation of law the computation must be made solely upon the value of the life estate of Alexander Lockhart based upon his expectancy ascertained by the mortality tables. Plaintiff contends that because of the language of the will and because the question arises after the duration of the life estate has been demonstrated the actual fact must be taken as the basis of computation. The provisions of this section relate to the time of the death of the

person making the will and not to the date of the will's execution. (*Moultrie* v. *Hunt,* 23 N. Y. 394; *St. John* v. *Andrews Institute,* 191 id. 254.) The statute in question impliedly authorizes the withholding of the distribution of an estate where necessary to determine whether the amount devised or bequeathed to charitable uses is in excess of the amount authorized. (*Hughes* v. *Stoutenburgh,* 168 App. Div. 512; *Matter of Franklin Trust Co.,* 190 id. 575.) As to which rule should be applied the adjudicated cases are both confusing and conflicting. In *Frost* v. *Emanuel* (152 App. Div. 687); *Matter of Teed* (59 Hun, 63); *Rich* v. *Tiffany* (2 App. Div. 25); *Matter of Blumenthal* (124 Misc. 850); *Matter of Seymour* (122 id. 343; mod. & affd., 209 App. Div. 655; mod. & affd., 239 N. Y. 259); *Matter of Suydam* (122 Misc. 340), and *Matter of Runk* (55 id. 478) it was held that the actual duration of life was the measure of the value of the life estate. In *Matter of Strang* (121 App. Div. 112); *Hollis* v. *Drew Theological Seminary* (95 N. Y. 166) and *Matter of Durand* (194 id. 477) the courts apparently decided that in determining whether a will violated the act in question the amount of the testator's estate as of the date of his death must be taken and the value of the life interest computed under tables based upon the probabilities of life rather than on the lives as they are actually extended. Many of the authorities have sought to distinguish *Hollis* v. *Drew Theological Seminary (supra).* The cases which attempt this do so upon the theory that at the time that case arose the life tenant was still living and the actual duration of his life did not appear to have been involved. *Matter of Durand (supra)* could not be so distinguished because in that case the decision was made upon the accounting of the executors after the death of the life tenant and when the actual duration of the life tenancy was known. The same reasoning applies in *Matter of Strang (supra). Frost* v. *Emanuel (supra)* was decided after *Matter of Durand,* but the latter case is not mentioned in the opinion. *Matter of Runk (supra)* and *Matter of Teed (supra)* were both decided prior to *Matter of Durand.* In fact *Matter of Durand* is not referred to in any other case on the subject. In *Matter of Blumenthal (supra)* in which Surrogate FOLEY held that the actual duration of life should be the basis of computation, he discussed the cases on the subject and referred to *Matter of Strang* as the only contrary decision where the tables of life expectancy were employed. Evidently *Matter of Durand* was overlooked. This point apparently was directly raised in *Matter of Seymour (supra)* and while the Court of Appeals sustained Surrogate WINGATE's conclusion that the actual duration of life was the value of the life estate, it made no reference to that subject in its opinion. Chief Judge HISCOCK, who wrote the opinion in

*Matter of Durand,* participated in the later decision. Curiously enough *Hollis* v. *Drew Theological Seminary* and *Matter of Durand* were both referred to in *Matter of Seymour* (209 App. Div. 655, 658) and cited with approval but on a different proposition. If two different rules are to be used, one in the case where the life tenant is living and another in the case where the life tenant is dead, an anomalous condition will arise because, no doubt, there will be many cases where the gift to charity should be sustained *in toto* under one rule and voided under the other. In the one instance, we have accuracy; in the other, approximation. This case furnishes an apt illustration. In computing the proportion of decedent's estate that may go to charities, under section 17 of the Decedent Estate Law the debts must first be deducted from the gross personal estate and to the net personalty thus found must be added the value of the real estate. According to the American Experience Table of Mortality the value of an annuity of $1 at the age of forty-nine years is $11.901. Computing the value of Alexander Lockhart's life estate according to these tables gives a result of $27,482.97, and deducting this amount from the net estate leaves $18,703.16. There must also be deducted the sum of $4,211 received by Lockhart from sales. The total value of the estate thus devised to the lodges is $14,492.16 which is considerably less than one-half. If that rule be adopted then the statute is not offended. If the actual fact be taken as the basis of computation as to the value of the life estate there is a violation. The value of the husband's life estate and what may pass to Amherst Rebekah Lodge and the Grand Lodge are no longer in doubt. That which was an uncertainty upon the death of the wife became a certainty upon the death of the husband. We now know the actual value of the husband's life estate. Such value as now demonstrated is $6,684.39. These figures clearly show that the husband's life estate, computed on this basis, is very much less than one-half of the total estate after deducting all debts and funeral expenses.

Irrespective of which rule is to prevail in cases of this character, in the case at bar the question arises after the duration of the life estate has been demonstrated. In view of that fact and because the life estate of the husband under this will is coupled with an absolute power of sale and the right to consume the whole or any part of the principal necessary for " his comfortable, proper maintenance and support," it seems to me that the actual fact must be taken as the basis of computation. Here, the will permits the corpus of the estate to be used for the husband's maintenance and support, if necessary. To what extent that might be depleted was wholly problematical at the death of the wife and hence the

value of the husband's interest in the estate could not be measured by any table. The duration of his life is the only standard by which it could be gauged. Under the statute devises and bequests for charitable purposes " shall be valid to the extent of one-half, and no more." Under this will the testatrix attempted to give more than one-half to the lodges in question. This she could not do and consequently this will is void and of no effect as to such excess.

The defendant Amherst Rebekah Lodge, being an unincorporated voluntary association or society, is incapable of taking or holding property by devise or bequest. (*Owens* v. *Missionary Society of the Methodist Episcopal Church*, 14 N. Y. 380; *Mount* v. *Tuttle*, 183 id. 358.) Section 113 of the Real Property Law (added by Laws of 1911, chap. 571) has made no change in this respect. (*Fralick* v. *Lyford*, 107 App. Div. 543; affd., 187 N. Y. 524.) The devise to the defendant Amherst Rebekah Lodge cannot be sustained as a legacy to the Grand Lodge. It will be noted that the bequest to the defendant Amherst Rebekah Lodge is absolute, unconditional and not qualified or limited by any trust whatever. It is unaccompanied by any designation of the purpose to which it is to be applied. It is quite true that a bequest to a department of an incorporated society, which department is inseparable from the corporation and can only be made effective through it, may be upheld as a bequest to the corporation itself. (*Matter of Isbell*, 1 App. Div. 158.) There is no proof here that the defendant Amherst Rebekah Lodge is a department or branch of the Grand Lodge. It has a separate organization. Undoubtedly, it is its helper but not part of it. It nowhere appears that a gift to either would aid the other. There is nothing in the will to show that the testatrix intended that her entire gift should go to the Grand Lodge. In fact, the will indicates to the contrary. She made a distinct bequest to each to share equally and then expressly states that the Grand Lodge shall use its share of the legacy " for the maintenance of the Grand Lodge Home at Ithaca, New York, and credit the amount thereof to the Warren district." There is no proof to indicate that the activities of the two orders are the same. There is no evidence that the testatrix was a member of or identified with the activities of either the Amherst Rebekah Lodge or the Grand Lodge. The authorities that sustain a gift to a branch or an auxiliary go upon the theory that the deceased intended to name it as the legatee and in such a case the courts will not permit a legacy to be defeated by a misnomer. (*Kernochan* v. *Farmers' Loan & Trust Company*, 187 App. Div. 668; affd., 227 N. Y. 658.) The defendant Amherst Rebekah Lodge not being able to take and the corporation of the Grand Lodge not being

able to take in its place, then under the terms of the will not more than one-quarter of the estate can go to the Grand Lodge.

It follows from this discussion that the plaintiff, the defendant Lister and the defendant Grand Lodge of Odd Fellows are the owners in fee as tenants in common of the real estate in question, the latter being entitled to an undivided two-eighths interest and each of the others to an undivided three-eighths interest therein. The interests of the other defendants in these premises are in no wise affected by this determination. Inasmuch as it is conceded that actual partition of these premises cannot be made, the plaintiff is entitled to the usual interlocutory judgment directing a sale of these lands.