EDITH COTTON FISHER, Respondent, v. WALTER E. LISTER and Others, Defendants; BELLE NOBLE, as Treasurer of AMHERST REBECCA LODGE No. 401, OF LAKE GEORGE, WARREN COUNTY, N. Y. (Also Known as AMHERST REBECCA LODGE No. 401, I. O. O. F., of LAKE GEORGE, WARREN COUNTY, N. Y.), and Another, Appellants.

*Wills — devise to charitable corporation — validity under Decedent Estate Law, § 17, determined as of date of death of testatrix and not as of date of termination of life estate — Decedent Estate Law, § 17, not violated.*

Appeal from an interlocutory judgment of the Supreme Court, entered in the Warren county clerk's office on July 28, 1927, and also from the interlocutory judgment as amended by an order entered on September 1, 1927.

PER CURIAM. The court is of the opinion that under the authority of *Matter of Durand* (194 N. Y. 477, 488), and *Matter of Seymour* (239 id. 259), the validity of the testamentary provision for the appellant corporation must be determined as of the date of the death of the testatrix and not as of the date of the death of the life tenant, and that, so determined, section 17 of the Decedent Estate Law* was not violated. For the reasons stated by the trial justice we think the appellant corporation cannot take what was intended by the testatrix for the Amherst Rebecca Lodge, No. 401, of Lake George. (See 130 Misc. 1.) Cochrane, P. J., Van Kirk, Hinman, Davis and Whitmyer, JJ., concur. Interlocutory judgment modified so as to provide that the appellant, Grand Lodge of the Independent Order of Odd Fellows, is entitled to an undivided one-half of the real estate in question, and that the plaintiff and the defendant Lister are each entitled to an undivided one-fourth thereof, and as so modified affirmed, with costs of this appeal to each party filing briefs herein payable out of the proceeds of the sale of said real estate.

***

MAY PATTEN WHITE, Respondent, v. JOSEPH BERRY and Another, Appellants. — Order affirmed, with ten dollars costs and disbursements, on the opinion of Rhodes, J., at Special Term. [Reported in 130 Misc. 639.] Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur.

In the Matter of the Claim of CHARLES WICKHAM, Appellant, against GLENSIDE WOOLEN MILLS, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Motion granted, without costs. Present — Cochrane, P. J., Van Kirk, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of SARAH KAPLAN, Appellant, against KAPLAN KNITTING MILLS, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion of Sarah Kaplan for leave to appeal to the Court of Appeals granted. Present — Cochrane, P. J., Van Kirk, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of NELLIE S. SMALL, Respondent, against GIBBS PRESS, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Motion denied. Present — Cochrane, P. J., Van Kirk, Davis, Whitmyer and Hill, JJ.