In the Matter of the Estate of KATHARINA RAPPOLT, Deceased.

Surrogate's Court, Bronx County, May 26, 1931.

*Otto J. Kalt*, for the executors.

*John J. Bennett, Jr., Attorney-General [Edward F. Spitz* of counsel], for the State.

*Davies, Auerbach & Cornell [Sydney G. Soons* and *Harrison F. Durand* of counsel], for heirs at law and next of kin.

HENDERSON, S. This is a proceeding for the construction of the will of the decedent herein who died on May 16, 1930. The will is dated February 8, 1930. The construction sought involves paragraph " fortieth " of said will, which provides as follows:

"*Fortieth.* All the rest, residue and remainder of my estate both real and personal and wheresoever situate, I give, devise and bequeath to the hospital for lung and heart disease (Krenkhousan fur lunge and hirz leiden) of Durrenzimer, Germany. The condition of this gift is that said hospital or (krenkheis) shall within thirty days after receipt of this donation, erect a tablet or slab in or about the hospital with the following inscription: " In Commemoration of Donation of Mrs. Katharina Rappolt of New York City."

Upon consent of the heirs at law and next of kin, an open commission was issued to the attorney for the executors for the purpose of going to Germany and making an investigation to determine whether there is a hospital answering the description

of the beneficiary in paragraph " fortieth " or whether any similar institution bearing another name was intended by said testatrix. From the testimony of the commissioner and the testimony of witnesses taken by him pursuant to his commission in Germany, I find that there is no such hospital nor was there ever any such hospital in Durrenzimmern, Germany. Durrenzimmern is a small place and was the native town of the testatrix. So far as can be ascertained there never was a hospital of any kind in the town.

The Attorney-General urges that the *cy pres* doctrine applies. This doctrine is a part of the statute law of this State and is embodied with respect to personalty in section 12 of the Personal Property Law (as amd. by Laws of 1926, chap. 622) which, so far as material, provides as follows: " 1. No gift, grant or bequest to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant, or bequest there is a trustee named to execute the same, the legal title to the property given, granted or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such property shall vest in the supreme court."

The provisions as to realty are substantially the same and are set forth in section 113 of the Real Property Law (as amd. by Laws of 1926, chap. 623). A reading of the above sections does not disclose any jurisdiction to control property devised or bequeathed absolutely. It applies to devises and bequests in trust and provides a method for the administration of such trusts for charitable uses.

This testatrix made twenty-nine gifts to relatives and friends and seven bequests to charitable and religious institutions besides the one here under consideration. In no instance in a long will did she create a trust. Her predominating idea as gathered from a reading of her will was to give funds to a long list of particular legatees and not to create a trust. By paragraph " fortieth " the decedent devised and bequeathed the residue of her estate outright to the Hospital for Lung and Heart Disease of Durrenzimmern, Germany. There is no such institution and there never was any. The courts have declined to regulate gifts for charitable purposes where the devise or bequest was not to be in trust. (*Ely* v. *Megie*, 219 N. Y. 112; *Fralick* v. *Lyford*, 107 App. Div. 543; affd., 187 N. Y. 524; *Matter of Compton*, 72 Misc. 289, 290; *Matter of Collier*, 97 id. 543, 546; affd., 179 App. Div. 950; *Hughes* v. *Stoutenburgh*,

168 id. 512, 520; *Manley* v. *Fiske*, 139 id. 665, 667; affd., 201 N. Y. 546.)

If in spite of an absolute gift to a particular devisee and legatee, the courts were to endeavor to administer a devise and bequest *cy pres*, an application of the doctrine to the facts of this case is not possible. In all the cases where the *cy pres* doctrine has been applied, the purpose and the intention of the testator was sufficiently manifest to permit the court to direct the performance of the trust duty. The testator did not specify that this gift was for the benefit of any person or class; she gave it absolutely to an institution upon the one condition that a tablet with an inscription to her memory be erected. To apply the principles of *cy pres* the courts must ascertain the intention of the testator, for the very purpose of the application of the doctrine is to carry the testator's intention into effect. The court cannot add to the terms of the will in this case to decree the performance of a trust for the benefit of any person or class, for it would not be consistent with any testamentary intent that can be gathered from the instrument. (*Matter of Shattuck*, 193 N. Y. 446.) The court should not attempt to make a new testamentary disposition for the decedent. The *cy pres* doctrine is inapplicable to the facts of this case. The devise and bequest of the residuary estate lapsed, and the property should pass to the heirs at law and next of kin as in the case of intestacy.

Settle decision and decree on the construction accordingly.