In the Matter of the Estate of MICHAEL J. O'HANLON, Deceased.

Surrogate's Court, New York County, April 25, 1933.

*Cotton, Brenner & Wrigley,* for the respondent, The Lord Mayor, Aldermen and Citizens of the City of Liverpool.

*Reich & Nathanson* [*Arthur L. Nathanson* of counsel], for the respondent Jennie O'Hagan.

*Otterbourg, Steindler & Houston,* for the petitioner.

DELEHANTY, S. By clause third of his will, executed July 12, 1927, deceased disposed of a total of $7,500 in separate legacies to five named beneficiaries, three of whom are individuals. In each instance he phrased his gift in exactly similar words, to wit: " I give

and bequeath to." One of the gifts to other than an individual is to "Brownlow Hill Hospital, of Liverpool, England."

An answer has been filed which claims this gift in behalf of The Lord Mayor, Aldermen and Citizens of the City of Liverpool, a municipal corporation of the Kingdom of Great Britain. It is established that no corporate body known as Brownlow Hill Hospital ever existed and that none now exists in the city of Liverpool; that as of the date of the will there existed in that city a building commonly called Brownlow Hill Hospital which was maintained and operated by certain locally elected officials known as West Derby board of guardians; that the functions of this board were by act of Parliament transferred to the municipal corporation known as The Lord Mayor, Aldermen and Citizens of the City of Liverpool; that prior to the death of deceased, the West Derby board of guardians had wholly ceased to use the building in question for hospital purposes and had transferred the patients theretofore in such building to a more modern hospital structure; that the maintenance of hospital facilities was part performance by such board of its obligation to care for the sick and poor; and that such care was financed at all times out of taxes imposed upon the citizens of the locality. There is nothing in the record to show the restraints if any upon the use by the board of tax moneys, and there is no suggestion that the board's activities were limited solely to hospital maintenance. On the contrary, it is to be assumed that their functions comprised (as do those of The Lord Mayor, Aldermen and Citizens of the City of Liverpool) the ordinary functions of municipal or town officials.

The testator after providing for the gifts to the beneficiaries named in paragraph third put all the rest of his estate in trust for the benefit of two individuals named by him, with a possible ultimate gift over to an incorporated religious institution.

The question here for decision is whether the gift to Brownlow Hill Hospital is enforcible in favor of The Lord Mayor, Aldermen and Citizens of the City of Liverpool. It is urged that the gift is for a charitable use and that since the act of 1893 (Chap. 701*) the failure of the named beneficiary does not destroy the gift and that applying the *cy pres* doctrine, the money should be paid over to The Lord Mayor, Aldermen and Citizens of the City of Liverpool for use by it in the activities of an infirmary called Mill Road Infirmary maintained by the municipality. One of the residuary legatees asserts that the gift has failed and that the fund should fall into the residuary. The executor in a memorandum filed by it calls attention to the impossibility of control by the court over the disposition of the fund if it be transmitted to England and suggests as an alternative

* Pers. Prop. Law, § 12; Real Prop. Law, § 113.

that if resort is had to the *cy pres* doctrine the fund should be devoted to a charitable use in the city of New York where judicial control would be feasible.

It is not necessary to consider here whether the gift should be refused validation because of the difficulty of assuring due administration of the fund in a foreign jurisdiction. There is support for the idea that the *cy pres* doctrine is resorted to with hesitation in such circumstances. (*Catt* v. *Catt*, 118 App. Div. 742, at pp. 748, 749.) Here there is no " Brownlow Hill Hospital." If these words are to be deemed, as is urged, a misdescription of " West Derby Board of Guardians," the result is only that this unincorporated group of locally elected officials is incapable of taking the bequest. (*Ely* v. *Megie*, 219 N. Y. 112, at p. 143; *Mount* v. *Tuttle*, 183 id. 358; *Hughes* v. *Stoutenburgh*, 168 App. Div. 512, and cases cited.) The theory picturesquely stated in *Matter of Patterson* (139 Misc. 872) that the rule barring a bequest to an unincorporated association may be avoided by the adoption of a forced interpretation of a charitable purpose attached to every such gift, can scarcely be supported in the broad outline there stated. The cases adhere to the plain meaning of the words of the will as the testator used them. So, in *Ely* v. *Megie* (*supra*) a gift to " Sea Breeze " at Coney Island failed though this activity was managed by persons who were officials of an incorporated charity. And in *Catt* v. *Catt* (*supra*) a gift to a particularly described but unincorporated school actually operated as a State activity was denied validity though an incorporated State college in the same State sought the gift under the *cy pres* doctrine. Again, a gift to an unincorporated lodge affiliated with an incorporated grand lodge was held wholly invalid. (*Fisher* v. *Lister*, 222 App. Div. 841, affg. in this respect 130 Misc. 1, on the opinion of the trial judge.) In *Matter of Howells* (145 Misc. 557 at p. 566) a gift to an unincorporated teachers welfare loan fund was voided. A late case in point is *Saltsman* v. *Greene* (256 N. Y. 636), where the gift under consideration was to an executor in trust for use in repairing the buildings and beautifying the grounds of a specifically named but unincorporated Baptist church which at the effective date of the will had been abandoned, its buildings razed and its real estate transferred to the Baptist Missionary Convention, an incorporated central organization of the same sect. The gift was held to have lapsed.

The principles enunciated in the cited cases may be summarized by saying that when there is no trust attached to the gift and none can be read into it by fair interpretation of the testator's words as he intended them (*Matter of Rappolt*, 140 Misc. 239), or when, though a trust is attached to the gift, the trust is specifically limited

to a purpose which cannot be accomplished (*Saltsman* v. *Greene*, *supra*), the gift wholly fails if the intended recipient is non-existent or disabled to take; and intestacy results unless other clauses in the will cover the lapse.

There is no basis in the instant case for seeking to wrest the law to a justification of an application of the *cy pres* doctrine. This testator made his gift to Brownlow Hill Hospital in the same paragraph wherein, as stated, he made in exactly similar terms outright gifts to individuals. By this gift he plainly intended to benefit only a particular localized and specified institution which is now non-existent. He was not seeking to ameliorate the burdens of the taxpayers of the city of Liverpool nor to give to any former or present officials the use of his money for public or other purpose.

The gift to "Brownlow Hill Hospital" has wholly failed. The residuary clause is sufficiently broad to take in the fund. The will is construed accordingly.

Submit decree on notice.