In the Matter of the Estate of MAXIMILIAN M. RUTTENAU, Deceased.

Surrogate's Court, Queens County, December 5, 1933.

*John C. West,* for the petitioner.

*Ellwyn F. Hayslip,* for Frank Russo.

*Cotton, Franklin, Wright & Gordon,* for Henrietta Wolff and others.

HETHERINGTON, S.   The decedent died on March 9, 1928, leaving a last will and testament which was admitted to probate on March 23, 1928.   After providing for the payment of his debts and funeral expenses and certain legacies, the testator gave his entire residuary estate to the Bankers Trust Company, in trust, to collect and apply the income to the use of his daughter until she attained the age of thirty-five years, at which time it was directed to pay her the capital of the trust.   In the event of his daughter predeceasing him or dying prior to the prescribed age leaving issue, the same was to go to the issue.   In default of issue, the entire residuary estate was to go to St. Mark's Hospital of New York city.   The testator further provided that in the event of the contingencies taking place under which the gift to the hospital became effective, and notwithstanding the happening thereof, such gift to it for any reason should not in whole or in part be effective, the provision so made for the hospital should pass to or devolve upon " such person or persons as would be entitled to the same under the laws of the State of New York as they shall then exist and in the shares and proportions prescribed thereby, if the same were personal property and I had died at the time of the happening of such contingency possessed thereof intestate without leaving a wife me

surviving." The decedent was survived by his daughter, who died a resident of Richmond county on May 7, 1932, without issue and under the age of twenty-nine years, leaving a last will and testament under the terms of which her husband took her entire estate. On May 16, 1931, and prior to death of decedent's daughter, the St. Mark's Hospital of New York city filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York. The Irving Trust Company was appointed and still is acting as receiver or trustee. Since the date of its adjudication as a bankrupt, St. Mark's Hospital has net operated as a hospital, and in so far as it is concerned in the determination of the question here presented, must and will be regarded as defunct and out of business. The distributees of the decedent are a sister, a niece and a nephew who claim the remainder to the exclusion of the husband of decedent's daughter.

The husband contends that the terms of decedent's will with respect to the provision for the hospital violated section 17 of the Decedent Estate Law. The trust having terminated, the Bankers Trust Company filed its account as executor and trustee and now seeks a determination therein as to the true construction of decedent's will. It appears from the account that the testator left an estate valued at $38,323.01, less, however, his debts amounting to $20.24. The daughter of the decedent received during her lifetime by way of specific bequests and other payments, the sum of $3,239.78. The estate on hand for distribution amounts to upwards of $30,000. The husband, as sole beneficiary under the will of decedent's daughter, claims that in computing the value of the interest passing to charity and his deceased wife, resort should be had to the actual duration of her life rather than to the mortality tables. The distributees do not seriously question this contention, but urge on the other hand that the hospital having ceased to exist prior to the death of decedent's daughter, its legacy lapsed and consequently there is presented no question of the application of the provisions of section 17 of the Decedent Estate Law. All agree that the gift to the hospital is ineffectual in view of its present position. There is authority for this view. (*Matter of Mills*, 121 Misc. 147; *Matter of Walter*, Foley, S., N. Y. L. J. Apr. 10, 1933.) It is elementary that as far as property dispositions are concerned the will speaks as of the testator's death. The question, therefore, is did the provisions of the will then offend against the statute? The subsequent bankruptcy of the charitable beneficiary cannot affect the determination of the question. Even though the construction might have been had during the lifetime of the daughter there is no valid objection to having it now. There

is authority for the use of mortality tables in arriving at the value of the remainder interest where the construction is had in the lifetime of the life tenant. (*Hollis* v. *Drew Theological Seminary,* 95 N. Y. 166; *Matter of Durand,* 194 id. 477.) But now there is no need for resorting to a theoretical standard when the actual duration of life is known. (*Frost* v. *Emanuel,* 152 App. Div. 687; *Matter of Seymour,* 122 Misc. 343; affd. and modfd., 209 App. Div. 655, and further modfd. and affd., 239 N. Y. 259; *Matter of Suydam,* 122 Misc. 340; *Matter of Blumenthal,* 124 id. 850; affd., 214 App. Div. 784.) Here the daughter survived the testator by a little more than four years, and during that time received less than ten per cent of his estate. The charitable beneficiary was, therefore, provided for in an amount in excess of the statutory one-half. As to the excess, it must be decreed that the decedent died intestate. The interest so devolving upon his daughter passes to her husband as the sole beneficiary under her will. The provision made for St. Mark's Hospital of New York city is, to the extent of the statutory one-half, in view of its inability to take, now payable to the sister, niece and nephew of the testator under the terms of the sixth paragraph of his will.

Submit decree on notice construing the will, settling the account and directing distribution accordingly.