In the Matter of the Accounting of Louis ZIMMERMAN et al., as Executors of JACOB GROSSMAN, Deceased.

Surrogate's Court, Bronx County, December 22, 1947.

*Louis Zimmerman* for executors.

*William P. Thomas,* special guardian for decedent's infant children.

*Jacob Goldsmith* for Socialist Labor Party.

*Nathaniel L. Goldstein, Attorney-General (Corning G. Mc-Kennee* of counsel), for the State of New York.

HENDERSON, S. The testator herein, a resident of Bronx County, left a will which contains the following provision: " Fourth: I hereby devise and bequeath unto The Socialist Labor Party of 61 Cliff Street, New York City, the sum of Sixty-five hundred ($6500) Dollars because I am convinced that the principles and the program advocated by it are the only sane ones to bring Society out of chaos and into sanity."

The will contains a residuary clause wherein a trust is set up for the benefit of decedent's two infant children.

The special guardian appointed by this court to represent the children, asserts that the legacy to the Socialist Labor Party is invalid because the legatee is unincorporated and therefore incapable of taking a direct bequest. The Attorney-General of the State of New York joins in this contention.

The Socialist Labor Party is an unincorporated political organization which is not at the present time qualified as a political party under the law. Its present status is defined by subdivision 11 of section 2 of the Election Law which reads as follows: "The term 'independent body' means any organization or group of voters which, by independent certificate, nominates a candidate or candidates for office to be voted for at an election at which official ballots are used, and which is not a party as herein provided."

This organization has heretofore presented candidates for public office at State and National elections.

The attorney appearing for the Socialist Labor Party contends that inasmuch as the State has defined the status of this

association as an " independent body ", it should not be deemed to be unincorporated; and that even if the court should find the legatee to be unincorporated, the legacy is one that should be sustained as a valid gift for educational purposes by an application of the provisions of section 12 of the Personal Property Law.

A corporation, which is a creature of the State, can only act for the purposes and in the manner authorized by the State. It is treated in law as an artificial being, distinct and separate from its members and as a result, is possessed of definite, well-known attributes. It cannot be created by agreement of its members.

There is nothing in the Election Law which in any way endows or attempts to endow a voluntary and fluctuating body of persons as the Socialist Labor Party, with any of the distinctive properties or attributes of a corporate body. The court therefore cannot consider the respondent as anything other than an unincorporated group of persons organized for a common purpose.

The respondent in support of the second contention relies upon subdivision 1 of section 12 of the Personal Property Law which, in part, provides that " No * * * bequest to * * * educational, charitable * * * uses, which shall in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same."

In order to sustain this contention, the respondent has shown that the testator was an active member of the Socialist Labor Party for many years prior to his death. It asserts that its platform is based on the principles of Marxism and that it teaches democracy and opposes those who would attempt to change the government other than by means of the ballot; that its aim is to enlighten and educate the people of the nation to its ideas concerning the practice of socialism so that they can realize the advantages of true socialism.

The national secretary of the party testified that the means used to foster the educational programs of the organization are the publication of four weekly newspapers, one in the English language and three in foreign languages, study classes throughout the country, lectures and public discussions, public assemblies, publication and distribution of books, pamphlets and leaflets, election campaigning and radio talks.

The respondent requests the appointment of its secretary as trustee to dispense the funds for the foregoing educational program of the party.

Under the law, a trust for a political purpose or to promote the success of a particular political organization would not be recognized as one for an educational or charitable use and would be invalid (see Restatement, Trusts, § 374). On the other hand, trusts which have been set up for the dissemination of beliefs, doctrines or information, not illegal or irrational, have been upheld as valid charitable trusts. These trusts have been held to be none the less charitable because they involve the promulgation of particular doctrines or beliefs provided they are such as rational persons may entertain.

In the case of *George* v. *Braddock* (45 N. J. Eq. 757) it was held that a trust for the purpose of publishing and circulating the works of Henry George advocating the single tax, was a valid charitable trust. In *Peth* v. *Spear* (63 Wash. 291) a trust, the purpose of which was to provide a place where the doctrines of socialism could be taught by example as well as by precept, was held to belong to that species of charitable trusts known as educational.

In applying the cy pres doctrine requested by the respondent, the first question to be determined, is whether or not the testator created or had an intention to create a trust for a general charitable or educational use (*City Bank Farmers Trust Co.* v. *Arnold*, 283 N. Y. 184; *Matter of Merritt*, 280 N. Y. 391). In the creation of such a trust, express words are not necessary where it is plain that a trust was intended (*Matter of Durbrow*, 245 N. Y. 469).

An examination of the will discloses that no express words of trust have been used and if any trust is created by implication, it must be implied from the testator's words " because I am convinced that the principles and the program advocated by it are the only sane ones to bring Society out of chaos and into sanity."

An analysis of this language does not indicate the creation of a trust. The testator does not exhibit an intention thereby that the property bequeathed should be held by the legatee subject to a legal obligation to devote it to purposes charitable or educational. No obligation is imposed on the respondent, either expressly or by necessary implication, to devote the proceeds of the legacy to its educational program. In short, the language of the testator is merely expressive of the reasons which motivated the making of the gift.

It has been held that in every gift for charitable purposes, a trust is almost inseparably involved (*Manley* v. *Fiske,* 139 App. Div. 665 affd. 201 N. Y. 546). In the case at hand, however, no general charitable or educational purpose is expressed. The very form of the bequest is such that it could include uses other than those protected by section 12 of the Personal Property Law. Its educational purpose, if any could be ascertained, would not be sufficient to save it (*Matter of Frasch,* 245 N. Y. 174, 182; *Matter of Cunningham,* 206 N. Y. 601, 606).

The gift is nothing more than a direct gift to the organization and it has no legal capacity to take it. In this State, direct devises and bequests to unincorporated associations, even though they may be charitable associations, fail. This rule has not been modified by section 12 of the Personal Property Law (*Matter of Merritt, supra; Matter of Idem,* 256 App. Div. 124, affd. 280 N. Y. 756; *Ely* v. *Megie,* 219 N. Y. 112; *Fralick* v. *Lyford,* 107 App. Div. 543, affd. 187 N. Y. 524).

The legacy must therefore be declared invalid.

The attorney-executor's compensation is fixed at the sums requested for all services to and including the entry of the decree.

Settle decree.