In the Matter of the Accounting of JOSEPH B. SMITH, as Executrix of MARY A. R. JONES, Deceased.

Surrogate's Court, Bronx County, December 20, 1951.

*Edward F. X. Ryan* for executrix, petitioner.

*William J. Drohan* for Low Dutch Church of Harlem, Inc., objectant.

*Nathaniel L. Goldstein, Attorney-General of the State of New York* (*P. Hodges Combier* of counsel).

POTTS, S. The testatrix herein died on the 27th day of June, 1950. Her will which was executed in 1948, contains the following bequest: " To the Eighty-ninth Street Reformed Church, 65, 67 East 89th Street, I bequeath $500 (five hundred) "

This gift is claimed by the Low Dutch Church of Harlem, Inc.

There never was a corporate body known as " the Eighty-Ninth Street Reformed Church ", hereinafter called the 89th street church for the purpose of brevity. The church designated by the testatrix was as of the date of the will an unincorporated branch of the claimant herein, the Low Dutch Church of Harlem, Inc., which maintains the Elmendorf Chapel at 171 East 121st Street, New York City, and which was incorporated under the laws of the State of New York in 1812.

Two days prior to the death of the testatrix, the religious services conducted by the 89th street church ceased and its affairs were officially terminated by the action of the consistory of the Low Dutch Church of Harlem, Inc. Thereafter, the congregation disbanded and the property occupied by the 89th street church was sold by the Low Dutch Church of Harlem, Inc.

The petitioner contends that the legacy lapsed and passes as a part of the residuary estate.

The claimant on the other hand requests the court to apply the cy pres doctrine and direct payment of the legacy to it as the parent body of the nonexistent 89th street church.

There is no question that if the religious activities of the 89th street church had not ceased prior to the death of the testatrix, the gift to this institution, even though unincorporated, could have been saved by awarding it to the Low Dutch Church of Harlem, Inc., as the parent body, to be held by it in trust for the purposes of the gift (*Prudential Ins. Co.* v. *New York Guild for Jewish Blind,* 252 App. Div. 493). However, the discontinuance of the 89th street church precludes authorization of the payment of the legacy to the claimant unless such payment is permitted by an application of the cy pres doctrine (*Saltsman* v. *Greene,* 136 Misc. 497, affd. 231 App. Div. 781, affd. 256 N. Y. 636).

Before an application of the cy pres doctrine may be made, it must first be ascertained whether the legacy is a gift for religious purposes generally or was intended for the benefit of a particular institution since the applicability of the doctrine depends upon proof of a general charitable intent (*City Bank Farmers Trust Co.* v. *Arnold,* 283 N. Y. 184; *Matter of Merritt,* 280 N. Y. 391; *Matter of Neher,* 279 N. Y. 370).

This leaves the question as to whether or not the terms of the will read in the light of the surrounding circumstances disclose a general dominant intent on the part of the testatrix to devote the gift to a religious use to which the expressed intent that it go to the 89th street church is secondary.

The evidence shows that the testratrix was a member of the congregation of the 89th street church.

By her will which is holographic, the testatrix disposed of her entire estate in similar language among four beneficiaries, three of whom are individuals. She directed therein that "Should any legatee be predeceased the gift returns to the estate."

It appears that in the administration of their affairs, the 89th street church and the Low Dutch Church of Harlem, Inc., kept separate accounts of their income and expenses.

The will before the court simply makes a gift to a named association without any reference to the use to be made of the money. No trust for a religious purpose was established by the will either expressly or by implication (*Matter of Idem,* 256 App. Div. 124, affd. 280 N. Y. 756; *Matter of Grossman,* 190 Misc. 521; *Matter of Gault,* 48 N. Y. S. 2d 928).

Nothing in such will or in the extrinsic circumstances indicates a general intent on the part of the testatrix that the gift should be devoted to a religious use to which the designation of the 89th street church was secondary. There is only a gift to a definite religious organization which cannot be sustained because of its nonexistence. While the language of the testatrix to the effect that "Should any legatee be predeceased the gift returns to the estate" may under a strict construction apply only to a personal legatee rather than to an organization, it fortifies rather than weakens the conclusion that the testatrix intended to confine all of her gifts to those specifically mentioned by her.

Nor is there anything in the evidence as to the form of its organization which would indicate that a gift to the 89th street church demonstrates a general intention to make a gift for the advancement of the church's religious faith to which the

intent to benefit the particular 89th street church was subordinate.

To authorize payment to the claimant would be not to carry out any intention that can be found in the will read in the light of the surrounding circumstances, but to make a new will for the testatrix, which the court cannot do.

It must therefore be held that the legacy has wholly failed (*Ely* v. *Megie,* 219 N. Y. 112, 143; *Matter of O'Hanlon,* 147 Misc. 546, and cases cited therein; *Matter of Joseph,* 62 N. Y. S. 2d 197).

The court must note at this point that while no objection was interposed to the admissibility of the incompetent proof consisting of the testatrix' statements of intention, no weight has been given to such testimony.

Settle decree.