(23 Misc. Rep. 380.)

KURZMAN et al. v. LOWY et al.

(Supreme Court, Special Term, New York County. April, 1898.)

1. PERPETUITIES—PROPERTY TO BE REMOVED FROM STATE BY LEGATEE.
It is the policy of the law to permit the disposition of personalty by will according to the laws of a foreign power into which it is intended to be transported and owned, the restrictions as to perpetuities and forbidden trusts being designed to prevent undue restraint on the power of alienation of property only so long as it remains within New York.

2. WILLS—CONSTRUCTION—JURISDICTION.
Where testator bequeaths personalty to be taken and held in a foreign country in trust, the courts of New York have jurisdiction to determine whether the legatee and beneficiaries are or can be sufficiently designated.

3. SAME—DESIGNATION OF LEGATEE.
A legacy to the chief magistrate of the city of Berlin, Prussia, sufficiently designates the legatee.

4. SAME—TRUSTS—DESIGNATION OF BENEFICIARIES.
A legacy in trust to create a stipendium payable on application annually to deserving and meritorious graduates of a certain school who may desire to pursue their studies further at the University of Berlin in designated courses sufficiently designates the beneficiaries and the object of the trust.

5. SAME—METHOD OF AWARDING BENEFITS.
A legacy in trust to the chief magistrate of the city of Berlin, Prussia, to pay out of the interest thereof stipendia to meritorious applicants,

graduates of a certain school, to enable them to pursue their studies, "according to the free judgment of the authorities in charge, respectively, of the director or college of professors," is not invalid as failing to create a method of awarding the benefits in case such director and professors disagree or refuse to act.

Action by Ferdinand Kurzman and others against Aurelia Lowy and others to construe the will of Edward Gutmann, deceased. The will was declared valid, and order issued accordingly.

Otto Horwitz, for plaintiffs.

Richard M. Bruno, for defendant Zelle.

RUSSELL, J. The plaintiffs seek a construction of the will of Dr. Edward Gutmann, late of the city of New York, who in early life was a native of Germany. The defendant Zelle is the chief magistrate, mayor, or burgomaster of the city of Berlin, Germany, and the questions arising on this investigation are narrowed down to that of the lawfulness of the bequest to the defendant Zelle, or to him as chief magistrate of Berlin. The provision in the original will is as follows:

"Second. I give and bequeath the sum of five thousand dollars to the chief magistrate of the city of Berlin, Prussia, in trust to be by him and his successors there safely invested, and the income used and applied to the purpose of the Bonnell-Gutmann Stipendium, as stated in the instrument in the German language by me written and hereto annexed, which I hereby make part of this will. In case this legacy should at any time be called in question, or be declared invalid, then I give and bequeath the sum of five thousand dollars herein mentioned to my said wife absolutely, with the hope that she will apply the same as in this clause of my will directed, but I expressly declare that the expression of this hope shall not be construed so as to impose any legal obligation on her to do so, or so as to create any trust of whatsoever kind, for the purpose hereinbefore mentioned. I expressly declare that the legacy herein mentioned is not to be deemed a charge on my real estate."

The provision annexed to the will is as follows:

"Testamentary provision in regard to the creation of a stipendium for the graduates of the Friederich-Werder Latin School at Berlin: (1) As soon as possible after my demise, I desire that $5,000 be paid to the chief magistrate of the city of Berlin, as the patron of the above-mentioned Latin School, provided that no legal obstacles retard the execution of the subsequent provisions for the creation of a stipendium for graduates of the Friederich-Werder Latin School, said stipendium to be granted to graduates who desire to follow their studies at the Berlin University, and who are worthy of such assistance. (2) The bequest is to be known as the Bonnell-Gutmann bequest. (3) From the interest of the capital hereby bequeathed one or more stipendia should be granted, none for a longer period than four years, according to the free judgment of the authorities in charge, respectively, of the director or college of professors of the said Latin School, and according to the need of the applicants. (4) No stipendium should be less than three hundred marks or more than four hundred and fifty marks per annum. (5) In awarding said stipendia the religious belief of the applicant should under no circumstances be considered, either in granting or refuting said stipendia. Gentiles as well as Hebrews should be equally eligible. The latter, however, should be primarily considered, for the reason that the Friederich-Werder Latin School has only very few stipendia in which students of the Jewish faith are entitled to participate. But this consideration should not be carried so far that thereby worthy Christian applicants should be overlooked. The testator, who himself has been brought up in the Mosaic belief, desires

by the foregoing provision only an impartial distribution in compliance with the tolerant spirit of the times. (6) Only such students who enter the physiological, medical, or law faculty of the University of Berlin shall be entitled to make application for stipendia. Positively excluded should be students of Christian or Hebrew theology. (7) As it is the special desire of the testator to promote the ideal—that is to say, the humanistic—studies, such applicants should be specially considered who desire to devote themselves to the study of antiquity, be it classical philology, or history, special knowledge of antiquity or art history of Greece and Rome. (8) Pupils of the uppermost class or of the said Latin School should be informed in the proper manner of the existence and condition of this bequest, so that applicants can file their written application for it in due time. When the prerequisites of capacity and need of circumstances equal, then the granting of the stipendia should be governed by the time of leaving said Latin School. Only in urgent cases of special need and profound capacity should later applicants be preferred to those already placed on the eligible list.

"New York, June 19, 1883.

"[Signed]                                     Dr. Edward Gutmann."

By the latest codicil the testator increased the bequest by a provision in these words:

"Codicil: For the proper execution of my last will and testament made and signed by me on the 27th day of February, 1891, I hereby give the following directions: By this above-named document I have ordered that $5,000 shall be sent to the magistrate of the city of Berlin, Prussia, for the purpose of establishing the Bonnell-Gutmann Stipendium. I hereby order that instead of $5,000, the sum of thirty thousand (30,000) marks Germany money, in full, shall be transmitted to said magistrate to establish this stipendium.

"New York, April 9, 1895.                    Dr. Edward Gutmann. [L. S.]"

It is the policy of the law of this state to allow testators free power to provide for the disposition of personalty, which is to be taken to a foreign country, in accordance with the laws of that country. Such property as shall remain within the state of New York must be subject to the laws against perpetuities and forbidden trusts, for the laws of this state in that respect are designed to operate upon all the property within its limits. They are founded upon public policy, which provides for proper power of disposition of property from person to person, without undue curtailment of the right in some one, within reasonable periods, to pass the title. But the object of the law is satisfied if the property is to be removed from the jurisdiction of the state. It leaves the courts of that other state the power to guide and control the execution of the trusts and the fulfillment of the issues of the testator. Hope v. Brewer, 136 N. Y. 126, 32 N. E. 558; Chamberlain v. Chamberlain, 43 N. Y. 424; In re Huss, 126 N. Y. 537, 27 N. E. 784. The courts of this state retain jurisdiction over the executors under a will probated here to adjudicate whether they have lawfully passed to properly designated legatees that portion of the property which the testator attempts to bequeath. For that purpose the courts here may inquire as to whether executors can pay over to legatees, and whether a sufficiently specific designation has been made to justify payment.

It is not strenuously contended that the designation of the chief magistrate of the city of Berlin is insufficient. Though named officially, he may receive, if not as an official, yet as an individual locum tenens. Inglis v. Trustees, etc., 3 Pet. 99.

But it is strongly urged that the purpose of the trust is too in-

definite.  If so, it may be that a mere naked holding for an indefinite purpose would not justify the executors in passing over the amount of the legacy.  The general object of awarding the stipendia is sufficiently indicated if the way or course of the transmission of the benefits be sufficiently certain.  It is proper to confer upon the individual making the award a reasonable discretion of selection, and the testator has thoughtfully indicated the general class of the proposed recipients of his bounty.  Assuming the selection is to be made by the director or college professors of the Latin School in Berlin, I see no difficulty in the acceptance by the mayor of Berlin of a designation by either; and, if not by the construction of the courts of the kingdom of Prussia upon the subject-matter involved, in case there is no union of designation in the execution of the trust, I cannot pronounce this bequest void for uncertainty because of a possible disagreement between the director and the college of professors, even if the ordinary construction of the will suspends the payment of the stipendia until such agreement be made.  We have the benefit, in this case, of the evidence of applicable statutes of the kingdom of Prussia.  By the evidence of the Prussian advocate, and the commentary of the laws of Prussia used by the courts there, it appears that much of the law applicable to the construction of wills and their execution is the same in that kingdom as in this state.  By section 139 it is declared that "he who has been charged with the fulfillment of one of several conditions may choose the one he is willing to fulfill."  "Defective denominations or designations do not invalidate the disposition of the testator when his true intention is clear."  Section 490.  "Whenever testamentary dispositions are of doubtful meaning, they must be interpreted so that they can best be upheld in accordance with the law.  The rules for the interpretation of declaratory acts must be applied also to the interpretation of testamentary dispositions."  Title 4, § 65.  "If, in a declaratory act, the intention is clearly shown, then all doubtful points must be interpreted conformably with that intention."  Section 70.  "All declaratory acts which are of doubtful meaning must be interpreted so that they will not be left altogether ineffective."  Section 74.  It is the general rule that the law will not permit the object of the testator to be defeated, or a trust to be unexecuted, on account of the refusal of a trustee to act.  In case the mayor of Berlin shall call upon the director and the college of professors to select beneficiaries, and either one should refuse to act, there is no valid objection to his acceptance of selection by the other.  It is plain that, if only one had been spoken of in the will, the refusal of that one to select would be no bar to the awarding of benefits by some one who might be designated by the court (in case the chief magistrate would not, in that case, have power of selection) in a proceeding before the courts of Prussia at some future time, based upon the simple obstacle of a refusal to act by the person designated.  And it is more than probable that compulsory action, operating upon the designators selected, might be directed by the courts of Prussia.  I am of the opinion that the provisions under consideration are valid, and judgment should be so directed.

Ordered accordingly.