(74 App. Div. 330.)

UNION TRUST CO. OF NEW YORK v. ST. LUKE'S HOSPITAL et al.

(Supreme Court, Appellate Division, First Department. June 8, 1902.)

1. WILLS—DESCRIPTION OF DEVISEE—CERTAINTY.
    Testator devised property to the "Skin and Cancer Hospital." In the city in which testator lived there were two institutions bearing, respectively, the names of "New York Skin and Cancer Hospital," and "New York Cancer Hospital," both having been in existence years before testator's death, and both did work of the same character, and testator was connected with neither. *Held*, that the will described the former institution with sufficient accuracy so that parol evidence was not admissible to show that he meant the latter.

Appeal from special term.

Action by Union Trust Company of New York against St. Luke's Hospital and others. From a judgment in favor of the New York Skin and Cancer Hospital, defendant, the General Memorial Hospital appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John E. Parsons, for appellant.
Tallmadge W. Foster, for respondent.

INGRAHAM, J. By his last will and testament Andrew J. Garvey left the rest, residue, and remainder of his estate, after certain specific legacies, to his executors, in trust to hold the same during two lives specified, and to divide the income received by them among certain hospitals and other beneficiaries, and upon the death of the survivor of the two lives named he directed his trustees to divide the property so held in trust among the same hospitals and institutions to whom were given the income during the continuance of the trust. One of these hospitals was the "Skin and Cancer Hospital." At the time of the execution of this will, and for some 10 years prior to that time, there had been in the city of New York a corporation named the "New York Cancer Hospital." This corporation was incorporated by a special act of the legislature passed May 31, 1884, and its hospital was erected upon a block of land between 105th and 106th streets and 8th and 9th avenues, in the city of New York, which was used for the treatment of cancer and allied diseases. It also appeared that there was a corporation incorporated under the laws of this state on the 10th day of November, 1882, named the "New York Skin and Cancer Hospital," which had been in operation in the city of New York since 1882. This hospital treated skin and cancer diseases, about one-half of each, and also had treated a large number of patients outside of the hospital. At the time of the execution of this will the hospital of this corporation was on Thirty-Fourth street,—an old dwelling house altered for hospital purposes, 25 feet in width, with accommodation for between 25 and 30 skin and cancer patients. The corporation known as the "New York Cancer Hospital" claimed this legacy, as did also the corporation known as the "New York Skin and Cancer Hospital." The only question at issue was as to which of

these two hospitals is entitled to this legacy given by the will to the "Skin and Cancer Hospital." The testator died on the 5th of April, 1897. His will was dated July 10, 1894. Mr. John E. Parsons, who was president of the Cancer Hospital, testified to a conversation with the testator six or seven years prior to his death. That testimony was objected to by counsel for the New York Skin and Cancer Hospital upon the ground that the New York Skin and Cancer Hospital was exactly named in the will, while the New York Cancer Hospital is neither exactly nor substantially named; "and hence it has not been shown that there are two persons or corporations to whom the description in the will is equally applicable in all its parts, there is no ambiguity, and parol evidence of the intention of the testator cannot be given." Upon an agreement between counsel the testimony was taken, subject to a motion to strike it out. Subsequently the referee held that the description of the New York Skin and Cancer Hospital in the will was sufficiently definite; that evidence that the testator intended the New York Cancer Hospital, and not the New York Skin and Cancer Hospital, was incompetent; and the only question to be determined on this appeal is as to the correctness of this ruling.

At the time this will was executed the two corporations were known, one as the "Skin and Cancer Hospital," and the other the "Cancer Hospital." The referee, in his report, states that the testimony of Mr. Parsons, if admissible, proves that the testator intended to provide for the hospitals of which Mr. Parsons was president, to wit, the "New York Cancer Hospital" and the "Woman's Hospital of the City of New York," but he felt bound to exclude the testimony as incompetent under the circumstances. It is a well-established rule that, if a beneficiary in a will is clearly designated, evidence to show that some other person is intended is not competent. There is, however, a class of cases where, from a failure of a testator to correctly designate the beneficiary, or where there are two or more individuals or corporations bearing the same designation, the courts are compelled to determine by evidence other than that of the will itself what was the intention of the testator, and which individual was intended. The question was discussed in St. Luke's Home for Indigent Christian Females v. Association for Relief of Respectable Aged Indigent Females in City of New York, 52 N. Y. 191, 11 Am. Rep. 697. In that case the general rule is stated as follows:

"The name is but one of several ways of identifying a person or corporation. A testator might, under some circumstances, be less likely to mistake the objects and purposes of a corporation than the precise title given by the act of incorporation. If there are two corporations, neither of which can claim under the precise name used by the testator, the question, if the name rather than the description is to control, is, which of the two is best or most nearly described by the name? And, if the description is to prevail, then the question is, which of the two will best and most closely answer to the delineations of the corporation by the testator? If, from the will and the charters of the two corporations, the court can determine which of the two was intended by the testator, there can be no resort to other evidence in aid of the interpretation. In other words, if, with a knowledge of the name of the two corporations, and of their general character and purposes as declared by the laws of their creation, there is no latent ambiguity, there is no necessity for a resort to parol evidence, and it would not be allowable."

77 N.Y.S.—34

This declaration of the court of appeals is controlling upon us. Thus, before we can resort to extrinsic evidence to aid us in ascertaining the intention of the legislature, we must find from the will and the charter of the two corporations that there is difficulty in determining which of the two was in the mind of the testator. In this case the testator omitted from the designation that part of the name which referred to the locality within which the institutions were located; but with this exception the name specified by the testator describes exactly the corporate name of the respondent. There is no indication in the will itself which tends to throw any light upon what corporation the testator intended, except the fact that he intended that the beneficiary should be a hospital, and should be of the city of New York,—a condition which applied to both of the claimants of the legacy. Nor is there any evidence of circumstances existing at the time of the execution of this will which would indicate a doubt as to the institution intended. The testator was connected with neither of these institutions. Both had been in existence for years prior to the making of the will, and both were institutions doing a work of the character that it appeared that the testator intended to assist. If neither of these institutions had the words "New York" as a part of their corporate name, the name of the institution adopted by the testator would be exactly that of the respondent, and it would hardly be claimed that any evidence would be admissible to contradict the express terms of the will. The fact that he eliminated from the chartered name of the institution the words "New York" certainly does not of itself create an ambiguity; and the addition of the words as a part of the title of the institution, "Skin and,"—words which are not connected in any way with the name of the appellant,—would seem to indicate that it was an institution that treated diseases of the skin as well as cancers that the testator had in mind. The designation of the respondent is complete, except so far as it omits the words "New York" as a part of the name of the institution, and the omission of such words cannot, as I look at it, be said to be such a change in the name of the corporation as to render the bequest ambiguous, or allow the use of evidence other than that contained in the will itself to show the testator's intention. I have examined with care the cases cited by the learned counsel for the appellant, to see if there was any case that had held that the omission from the name of an institution of a portion of its name denoting the locality in which the institution existed, or the state which incorporated it, would make the bequest so ambiguous or uncertain as to justify the admission of extrinsic evidence; but I can find no case in which the omission of a part of the name of an institution, when the words used were identical with the remainder of the name, which held that the court was justified in receiving evidence to show that the testator intended another institution, having for its name but a part of that used as describing the institution intended. If, from the will itself, there could be any doubt as to which institution the testator intended, or if there was any fact proved which directly connected the testator with one of these two institutions, the language of Lord Selborne in Charter v. Charter, L. R. 7 H. L. 364, applies:

"The moment we find sufficient reason to conclude that there is really error in the name, the observation made in Bernasconi v. Atkinson that 'we are always bound to assume that the language of the will is the language of the testator' ceases to be material. It is then, as was observed in the same judgment, 'part of the case that a mistake has been made.'"

But the trouble with this case is that there is no evidence to show that a mistake was made, except the evidence objected to and excluded, which consisted of a request to the testator to make the appellant one of the beneficiaries in the provision that he was about to make for the benefit of hospitals, with a promise of his to grant that request. There is really no ambiguity. An existing institution devoting itself to the cure of skin and cancer diseases is called the "New York Skin and Cancer Hospital." There is a legacy to the "Skin and Cancer Hospital," and no other corporation bears that name; and while, from Mr. Parsons' testimony, it is quite probable that the testator, when he named that institution, supposed that it was the one of which Mr. Parsons was the president, there is no ambiguity in the name of the institution which, under any of the reported cases, or any rule that has been established, justified the court in taking this bequest from the institution named by the testator, and giving it to an institution which bears a different name.

It follows that the judgment appealed from must be affirmed, with costs to the respondent, payable out of the fund. All concur.