Whenever a foreign law is in issue, it is to be proved as any other fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 52; Dec. Dig. § 37.*]

2. CHARITIES (§ 50*)—DEVISES—PERSONS ENTITLED TO TAKE.

In a proceeding involving the validity of a bequest, evidence *held* to show the capacity of a foreign unincorporated association to take a bequest for a public or charitable use.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 96–99; Dec. Dig. § 50.*]

3. CHARITIES (§ 2*)—CHARITABLE USES—WHAT LAW GOVERNS.

The validity of bequests to foreign voluntary associations for public or charitable uses depends upon the law of the domicile of the legatee, and not the law of the domicile of the testator.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 2; Dec. Dig. § 2.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the judicial settlement of the accounts of John A. Weekes, as executor of the last will, etc., of Augusta De Peyster, deceased. A bequest held valid.

See, also, 156 App. Div. 938, 141 N. Y. Supp. 1116.

Arthur Sutherland, of New York City, for executor and another.

Samuel Keeler, of New York City, for Fire Department of Ridgefield, Conn.

FOWLER, S. The only question submitted to the surrogate in this matter concerns the validity of the late Miss De Peyster's testamentary bequest of $5,000 to the Fire Department of Ridgefield, state of Connecticut, a voluntary and unincorporated association. The solution of this question depends on the law of the state of Connecticut.

[1, 2] Whenever foreign law is at issue, it is a matter of fact which may be proved to the court as any similar fact is established in a court of justice. Two duly qualified experts, skilled in the law of Connecticut, were accordingly called as witnesses and duly sworn. Both were qualified lawyers of the Connecticut Bar, and one had been a probate judge in Connecticut; the other was the present Attorney General of the state. These gentlemen testified, under oath, and quite in accord, that by the law of Connecticut an unincorporated association could take by bequest if the use was public or charitable. They, however, conceded that the capacity of such associations so to take by devise was less clearly stated in the law of Connecticut, but in their opinions such associations could also take by devise if the use was public or charitable. I can well understand that unincorporated associations may in Connecticut take even by devise, for it was once so at common law. Coke says distinctly that probi homines of Dale were in ancient times capable of taking lands by purchase, which, of course, included devise. Coke on Litt. 3a. But at a later time they could not so take, for the law had changed. Reformed Church v. Schoolcraft, 65 N. Y. 134, 155; Co. on Litt. 3a; 10 Rep. 26b; Shep. Touch. 237. But even after such change, if a use was charitable or public the Roman Christian law prevailed in England by way of exception, and under the general doctrines relating to charities which had been taken over by the Ecclesiastical Chancellors. But be this as it may the oral evidence of the experts from Connecticut was not contradicted, and it seems to me to dispose of this matter as it establishes the fact in this forum that such is the law of Connecticut. Both witnesses testified in substance that the bequest of Miss De Peyster was a charitable or public use, and that both by the statute of uses in force in Connecticut, and by the common law in force in such state, such bequest was good by the law of Connecticut, as the voluntary association had capacity to take in Connecticut.

It is not difficult for us to understand that such is the law of Connecticut, for the law of New York was once so. Hornbeck's Ex'r v. Am. Bible Soc., 2 Sandf. Ch. 133; Banks v. Phelan, 4 Barb. 80. It was not until after the enactment of the Revised Statutes of 1830 and after the courts had held that the Revised Statutes abolished charitable or public uses that bequests to unincorporated associations of this state

for a public use were declared invalid in our law. Owens v. Missionary Soc. of M. E. Church, 14 N. Y. at page 385, 67 Am. Dec. 160; Bascom v. Albertson, 34 N. Y. 584; Carpenter v. Historical Soc'y, 2 Dem. Sur. 574.

[3] But bequests to foreign voluntary associations for a public or .charitable use have, even since our Revised Statutes, stood on a different foot from bequests to domestic associations. The capacity, power, or right of such foreign associations to take depends on the law of their domicile, lex domicilii, and not on the law of this state. Matter of Bullock, 6 Dem. Sur. 335; Chamberlain v. Chamberlain, 43 N. Y. 424; Kurzman v. Lowy, 23 Misc. Rep. 380, 383, 52 N. Y. Supp. 83; Matter of Huss, 126 N. Y. 537, 27 N. E. 784, 12 L. R. A. 620; Hope v. Brewer, 136 N. Y. 126, 32 N. E. 558, 18 L. R. A. 458; Robb v. Washington & Jefferson College, 185 N. Y. 485, 496, 78 N. E. 359. Matter of Miller, 149 App. Div. 113, 133 N. Y. Supp. 828, is not to the contrary; the adjudication turned on an entirely different proposition.

The bequest in this instance is for a public use, which is a species of charitable use. After the Statute of Charitable Uses (43 Eliz. c. 4), gifts or bequests for the advancement of objects of general public utility were held to be charitable uses within the meaning of that statute. Before that statute they were certainly such. Ayres v. Meth. Church, 5 N. Y. Super. Ct. at page 376; Sherwood v. Am. Bible Soc., 40* N. Y. 561; Owens v. Meth. Epis. Church, 14 N. Y. at page 389, 67 Am. Dec. 160; Jones v. Williams, Ambler, 651; Atty. Gen. v. Craig, 2 My. & C. at p. 623; Shelford on Mortmain, 61.

While as an original question I might have had some doubt in this matter, the right, power, and capacity of the Fire Department of Ridgefield, Conn., to take this bequest, has been amply established by evidence and as matter of fact, and no evidence has been offered to the contrary.

I accordingly find that the bequest of the late Miss De Peyster to the Fire Department of Ridgefield, Conn., is a valid bequest, as such association has, by the law of the state of Connecticut, capacity to take such bequest. Settle decree accordingly.