In the Matter of the Construction of the Last Will and Testament of FRANK IDEM, Deceased.

FRANCISCAN MISSIONARY UNION OF CINCINNATI, OHIO, Appellant; EDNA LANG, Petitioner, and Others, Respondents.

Fourth Department, January 11, 1939.

*Kevin Kennedy*, for the appellant.

*Charles J. Wick*, for the petitioner and heirs at law of testator, respondents.

*Martin H. Buecking*, for certain distributees.

SEARS, P. J. The testator's will, probated in the Surrogate's Court of Erie county, contains the following provisions:

" *Fourth.* I give and bequeath to the Franciscan Missionary Union # 1615 Vine St., Cincinnati, Ohio, Two Thousand ($2,000.00) Dollars for Masses to be read for the repose of the Soul of My departed Wife, Barbara Idem and Myself."

" *Twelfth.* I give, devise and bequeath all My remain both real and personal property of whatsoever Nature or wheresoever situated, to the following Namely, St. Boniface R. C. Church, Mulberry St., Buffalo, N. Y., Father Bruder, New Oregon ' Erie County ' N. Y., Franciscan Missionary Union #1615 Vine St. Cincinnati, Ohio, and the Indian and Negro Mission, Washington, D. C., share and share alike."

The validity of the fourth item of the will and of the twelfth item, so far as it provides for a devise and bequest of a share of the residuary estate to Franciscan Missionary Union, No. 1615 Vine street, — Cincinnati, Ohio, is the subject of this appeal.

The Franciscan Missionary Union of Cincinnati, Ohio, is an unincorporated association situated in the Roman Catholic Archdiocese in Cincinnati, Ohio, and is an agency of the Friars Minor (Franciscan Friars), also an unincorporated association of the Province of St. John the Baptist of Cincinnati, Ohio, created to promote and support the missionary and charity work of the province. Respondents' claim as to the invalidity of the bequest and devise to the Franciscan Missionary Union contained in items fourth and twelfth of the will is based on the general rule that an unincorporated association is unable to take a bequest or devise. It is true that an unincorporated association in the State of New York may not take a devise or bequest. (*Ely* v. *Megie*, 219 N. Y. 112; *Mount* v. *Tuttle*, 183 id. 358; *Fralick* v. *Lyford*, 107 App. Div. 543; affd., 187 N. Y. 524.) In Ohio, however, the rule is otherwise as to testamentary gifts of personal property. (*American Tract Society* v. *Atwater*, 30 Ohio St. 77.) The Ohio case is before us as proof of the law of the State of Ohio. In that case the following language of a will was construed: " As to the remaining sum of three thousand dollars * * * my said trustee is directed to apply the same

so that it may be used for the interest of religion, and the advancement of the kingdom of Christ in the world, as follows, to-wit: He shall pay to * * * the treasurer of the American Home Missionary Society the sum of one thousand dollars." The American Home Missionary Society was a voluntary association for charitable home missionary purposes, with an organized corps of agents and officers, including a treasurer. In construing this paragraph the court said: " It is not as though he bequeathed to a trustee, for the purpose of advancing the kingdom of Christ. He bequeaths to these societies, because they are advancing the kingdom * * *. He first states the object he wishes to effect, and then states how he proposes to effect it. He is willing to pay the money direct to them. To them he trusts that they will forward his cherished idea. As said, the societies themselves are the direct beneficiaries of the trust." The opinion finally contains this language: " Although the testator uses the names of the treasurers, this is only his mode of designating the societies to which he desires his money to go, and, though one is an [un-] incorporated society, it is entirely capable of taking a personal bequest; it might be different as to realty. *Waller* v. *Child*, Ambl. 524; *Burr* v. *Smith*, 7 Vt. 241; *Owens* v. *Missionary Soc. of the M. E. Church*, 14 N. Y. 380, 386."

The reference to the cases from Vermont and England indicates that the purport of the decision was unequivocally that in Ohio unincorporated associations of a charitable or religious character, at least, could take legacies.

Section 47 of the Decedent Estate Law has no bearing upon the power of the unincorporated legatee to take the charitable donation provided for in item fourth of the will. That section was derived from section 2694 of the Code of Civil Procedure which became effective September 1, 1880. The Throop note states that while the section was new when enacted in 1880, it was declaratory of the law as it then existed. The section relates to the validity of the terms of the bequest, not as to the power of the legatee to take. Such power depends, in the absence of express limitation in our statute law, upon the law of the domicile of the recipient of the donation. (*St. John* v. *Andrews Institute*, 117 App. Div. 698, 714; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Bullock*, 6 Dem. 335; *Matter of Weekes*, 85 Misc. 280.)

Even though it should be found that in Ohio an unincorporated association of this character was not entitled to take a bequest, still the fourth item of the will would be valid. The bequest is in trust. (*Matter of Morris*, 227 N. Y. 141.) If the trustee of such a trust is not named in the instrument, the trust vests in the

Supreme Court to administer. If the named trustee has died or is incapable of taking, there is deemed to be an omission to name a trustee and the administration of the trust vests in the Supreme Court. (Pers. Prop. Law, § 12; *Matter of Powell*, 136 App. Div. 830; *Matter of Miller*, 149 id. 113; *Cross* v. *United States Trust Co.*, 131 N. Y. 330, 350.) In any case the provision of item fourth of the will is valid; although, if the Franciscan Missionary Union had not been able to take, the execution of the trust would have fallen upon the Supreme Court.

As to the devise and bequest of a portion of the residuary estate to the same unincorporated association contained in the twelfth item of the will, it follows, from what has already been said that, so far as the residue is personalty, the bequest is valid, but, so far as it relates to realty, the devise is invalid, and an intestacy results as to such portion of the real estate as would otherwise be included in the appellant's share. The common law of New York which is controlling (Decedent Estate Law, § 47), does not permit an unincorporated association to take a devise of real property in this State.

The decree appealed from should, therefore, be modified in accordance with this opinion, without costs, and matter remitted to the Surrogate's Court to enter a decree accordingly.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Decree modified on the law and the facts in accordance with the opinion, without costs of this appeal to either party, and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion. Certain finding of fact disapproved and reversed and new finding made.