In the Matter of the Estate of JOSEPH STEINER, Deceased.

Surrogate's Court, Bronx County, December 5, 1939.

*Isaac M. Rothenberg*, for Nathan Abramowitz, as executor, etc.

*Blum & Jolles*, for the Consulate-General of the Republic of Poland.

*Matthias S. Sternberg*, for Dora Becker and Rubin Becker.

*Herman J. Maurer*, for the Roumanian Consul.

*John J. Bennett, Jr., Attorney-General [Robert P. Beyer* of counsel], for the State of New York.

HENDERSON, S. All questions arising in this accounting proceeding other than those of construction have been settled by agreement of the parties, either in writing or entered upon the record at the hearing.

So much of the prayer for construction as concerns the seventh paragraph of the will has been withdrawn.

The portion of the will remaining for judicial interpretation is paragraph "fourth." Therein the testator directed that $500 " be given * * * in trust for the following purposes, viz., that the said moneys be deposited in a savings bank and the interest accumulated therein is to be used for the purpose of keeping the Yahrzeit [memorial day] for the following four individuals."

The executor naively alleges in his petition that " conversations had with the heirs indicate a desire to completely eliminate the

paragraph." Assuming that the executor refers to conversations with legatees, the desired annihilation of the legacy may not be secured by such consent. Some years ago Mr. Surrogate WINGATE encountered similar unanimity in construing testamentary dispositions not unlike the above-quoted language. (*Matter of Fleishfarb*, 151 Misc. 399.) Here, however, the court is not the only exception to the united harmony, for the Attorney-General has voiced his discordant note in opposition.

Yahrzeit is an annual prayer for the repose of a soul. It is a ceremonial observed in the testator's religion. A legacy for such a purpose is a bequest to religious uses which neither the statute against perpetuities nor the uncertainty of beneficiaries can defeat. (Pers. Prop. Law, § 12; *Matter of Fleishfarb, supra,* and cases cited therein at pp. 400 and 401.)

It is clear that the testator intended to mean the accruing interest where his inept scrivener used the words " interest accumulated therein." There is no direction, expressed or implied, for any accumulation of income. On the contrary, the testator's expressed desire for the expenditure of the interest in religious observation of memorial days for several individuals demonstrates an intent that the interest should not be accumulated.

The legacy bequeathed in the fourth paragraph is a valid trust for religious uses.

Two of the residuary legatees are non-residents. One resides in Roumania, the other in Poland. The Attorney-General urges that the money to which the Polish legatee is entitled should be deposited in court pursuant to the provisions of chapter 343 of the Laws of 1939. It satisfactorily appears to the court, as it must to all those familiar with current events, that this beneficiary would not have the benefit or use or control of his legacy if sent him through the usual channels at this time. Ordinarily payment to him would be made through the Consul-General of Poland, who has appeared herein for his national, but that consulate is not recognized by those now in possession of his national's place of residence. The decree will direct payment of this legatee's money into court pursuant to the statute (Surr. Ct. Act, § 269).

Settle decree.