ROSE ETTA STEVENS, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25171.) — Appeal from a judgment of the Court of Claims dismissing claim for personal injuries sustained by claimant-appellant. Claimant-appellant was injured while endeavoring to enter an elevator located in the Capitol, at Albany. The evidence sustains the finding of the court and the judgment dismissing the claim should be affirmed. Judgment unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

MOLLIE GERBER, Appellant, v. WHITE SULPHUR COMPANY OF SHARON SPRINGS, NEW YORK, INC., Respondent. HYMAN GERBER, Appellant, v. WHITE SULPHUR COMPANY OF SHARON SPRINGS, NEW YORK, INC., Respondent.— Plaintiff appeals from a judgment dismissing her complaint following a trial before a jury. The complaint alleges that she received injuries while in a bathroom in a bathing pavilion from the breaking of a board in the floor. There was an issue of fact for the jury. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Estate of FRED G. KIRKBRIDE, Deceased.— Appeal from a decree of the Surrogate's Court of St. Lawrence County, construing the will of decedent Kirkbride. The pertinent part of the will in question provides: "Fourth: After the death of my said wife and the payment of her funeral expenses, I give, devise and bequeath said residuary estate to the village of Massena to be used for the purpose of erecting a suitable hospital therein. In the event that a hospital has been erected at the time of the death of my said wife and is owned and operated by either the town or village of Massena, I give, devise and bequeath said residuary estate to the village of Massena to be used by said village for the equipment, improvement and maintenance of said hospital. In the event that such hospital has not been erected at the death of my said wife and my said residuary estate is not sufficient for the erection of such hospital, I direct that said residuary estate be held in trust by the said village of Massena until such time as suitable provision has been made for the erection of such hospital." Appellant contends the provisions benefiting the village of Massena for hospital purposes are invalid on three grounds: (1) violation of section 17 of Decedent Estate Law; (2) violation of section 11 of the Personal Property Law; (3) violation of section 16 of the Personal Property Law. None of these contentions is tenable. In the first place, there is no violation of section 17 of the Decedent Estate Law because mathematical computation of the value of the life estate to appellant shows she receives value in excess of one-half of the total value of the estate. Next, section 11 of the Personal Property Law is not violated because the part of the estate in question vests in the village of Massena upon the death of the life beneficiary. Finally with regard to section 16 of the Personal Property Law, even should there be an illegal accumulation of income in the event that the village does not forthwith construct a hospital upon the death of the life beneficiary, the said income could be disposed of by direction of the court under the " cy pres " doctrine. A charitable bequest should be sustained whenever possible under this doctrine in the light of the intention of the testator. The decree of the Surrogate's Court should be affirmed. Decree of the Surrogate's Court affirmed, with costs to all parties filing briefs payable out of the estate. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.