In the Matter of the Estate of MOLLY HERTZIG, Deceased.*

Surrogate's Court, New York County, October 10, 1941

*Eppstein & Hirshfield* [*Ira W. Hirshfield* of counsel], for the National Jewish Hospital at Denver.

*Jacob M. Miller,* for the Jewish Consumptives' Relief Society of Denver, Colorado.

*Moses H. Hoenig,* for the petitioners.

FOLEY, S. In this application for a construction of the will a preliminary question is raised as to the admissibility of extrinsic evidence in order to determine the identity of a legatee. In her will the testatrix made the following charitable bequest:

" I give, devise and bequeath to the following charitable institutions, the sums set opposite their names, as follows:

" 1. Denver National Jewish Hospital, Denver, Colorado, the sum of Five Hundred ($500.00) Dollars."

There is no corporation having the exact corporate title set forth in the will. Two charitable corporations claim this legacy: (1) National Jewish Hospital at Denver and (2) The Jewish Consumptives' Relief Society, sometimes known as Denver Sanitarium.

---

* See, also, 177 Misc. 600.

The first corporation contends that there is really no ambiguity in the will since its corporate title is almost exactly similar to the description of the legatee in the will. This corporation, therefore, argues that there is no necessity for the introduction of extrinsic evidence and that it is entitled to payment of the legacy.

The second corporation claiming the legacy contends that the misdescription of the legatee in itself creates an ambiguity. It is alleged on behalf of this corporation that the testatrix in her lifetime was active in its affairs. It is further alleged by the attorney who drew the will that the original instructions given to him by the testatrix and the original draft of the will clearly indicate that the Jewish Consumptives' Relief Society, sometimes known as Denver Sanitarium, was the corporation intended by the testatrix as the legatee.

Under the early rule the courts were hesitant to admit extrinsic evidence in the construction of wills, preferring to rely upon the written words wherever possible. (*St. Luke's Home* v. *Association for Indigent Females*, 52 N. Y. 191; *Union Trust Co.* v. *St. Luke's Hospital*, 74 App. Div. 330; affd., 175 N. Y. 505.) The modern rule is much more liberal and permits the introduction of extrinsic evidence whenever a legitimate question of construction arises from language of doubtful import in a will. (*Matter of Smith*, 254 N. Y. 283.)

While the name of one of the corporations claiming the legacy is almost identical with that of the charity named in the will, nevertheless doubt as to the actual legatee intended by the testatrix has arisen because of the misnomer. This doubt can only be settled by introduction of extrinsic evidence. Here the extrinsic evidence to be submitted so as to enable the court to properly identify the legatee should be in the form of evidence as to the activities of the testatrix in the affairs of one corporation or the other; evidence as to her contributions to one or both of the corporations; the memoranda used in the preparation of the will and the testimony of the draftsman of the will. (*Matter of Smith, supra; Matter of Schuster*, 175 Misc. 1072; *Matter of Blodgett*, 168 id. 898; *Matter of Tinker*, 157 id. 200.)

I have accordingly placed this matter on my calendar for a hearing and the submission of formal evidence relevant to the identity of the legatee on the 7th day of November, 1941, at two-thirty P. M. The attorney for the executors is directed to serve and file notice of such hearing with proof of service thereon with the clerk of this court on or before the 24th day of October, 1941.