## In the Matter of the Estate of ESTHER KINZLER, Deceased.

Surrogate's Court, New York County, February 11, 1942.

*Samuel Bitterman*, for the petitioners.

*David H. Hausman*, for the respondent.

*Leon Frankel*, special guardian for Morton Harold Kinzler, infant.

*Andrew M. Lawler*, special guardian for Gilda Hoenig, Winifred Leila Kinzler and Ellen Kinzler, infants.

FOLEY, S. A question of construction is raised in this accounting by the executors and trustees.

The will of this decedent and the will of her husband were executed simultaneously. Each will recites this fact and further

states that a will containing similar provisions was executed pursuant to an agreement with the other spouse and that both wills are mutual and irrevocable.

In each will a trust of the residuary estate is created for the spouse. On the death of the spouse each will directs that the estate be divided into three equal shares. One equal share is given outright to the son Kalman. A trust of one equal share is created for the daughter Sadie and a trust of the other equal share is created for the son Hyman. Each will directs that there shall be deducted from the one-third share held in trust for the son Hyman $15,000 which is to be distributed equally between the son Kalman and the trust for the daughter.

The husband's will states that the $15,000 represents " the amount I estimate that I have heretofore advanced and paid out to or for the benefit or at the request of my said son Hyman."

The will of this testatrix states that the $15,000 to be deducted from Hyman's trust represents " the amount I estimate I or my said husband heretofore advanced and paid out to or for the benefit or at the request of my said son Hyman."

The husband of this testatrix died on December 1, 1930. This testatrix died on May 10, 1934.

The question for determination is whether a total of $15,000 should be deducted from Hyman's interest in both estates or whether a separate deduction of $15,000 should be made from his share in each estate.

This same question was raised in the husband's estate. However, as his estate amounted to approximately $12,000 it was unnecessary to determine the question at that time. My decision expressly provided that it in no way affected the rights of the parties in this estate. (*Matter of Kinzler*, N. Y. L. J. Jan. 9, 1937, p. 128.)

The question of construction presented relates solely to the intention of the testatrix.

The reference in her will to the mutual and irrevocable will containing similar provision executed by her husband pursuant to an agreement coupled with the reference to the $15,000 advanced to the son Hyman by the testatrix or her husband creates an ambiguity resulting in a doubt as to the amount to be set aside in trust for the son from this estate. This ambiguity can only be resolved by the consideration of extrinsic evidence. (*Matter of Smith*, 254 N. Y. 283; *Matter of Hertzig*, 177 Misc. 598; *Matter of Schuster*, 175 id. 1072; *Matter of Blodgett*, 168 id. 898; *Matter of Tinker*, 157 id. 200.) The extrinsic evidence to be considered here is the will of the husband of the testatrix and the executor's accounting in his estate. All of these documents are on file in this court.

A copy of the husband's will has been submitted in this proceeding as an exhibit.

This extrinsic evidence clearly discloses that this testatrix intended that only a total of $15,000 should be deducted from Hyman's share in both estates. The testamentary plan of the testatrix and her husband, as evidenced by their irrevocable wills executed pursuant to agreement, was that the estate of each would ultimately devolve in thirds to the three children and their descendants. This plan of equality of distribution is further evidenced by the direction in each will for the recoupment from Hyman's share of the amount advanced to him by either or both. Obviously both wills refer to the same advancements in the same amount. Obviously only a total of $15,000 was intended to be taken from his share in both estates.

Accordingly I hold that under the language of the will only the balance of the $15,000 due from Hyman should be deducted from his share in this estate.

The arguments of those opposing this construction are for the most part directed to the fact that this testatrix could have disinherited Hyman or directed the deduction of any amount from his share. While this may be true, these arguments are irrelevant in that they have no bearing on the intention of the testatrix. Furthermore, these arguments lose sight of the fact that this testatrix was somewhat limited in her testamentary dispositions in that her will was executed pursuant to an agreement to make a mutual irrevocable will with similar provisions to that of her husband.

(Other directions included in the original decision of the surrogate omitted because of their subordinate importance.)

Proceed accordingly.