In the Matter of the Construction of the Will of FRANCES B. COMFORT, Deceased.

Surrogate's Court, Monroe County, July 10, 1952.

*Thomas M. Nichols* and *Russell A. Sibley* for Lincoln Rochester Trust Company, as executor of Frances B. Comfort, deceased, petitioner.

*Arthur V. D. Chamberlain* for National Cancer Foundation, Inc., respondent.

WITMER, S. In the subparagraph "(b)" of paragraph " THIRD " of her will testatrix gave one third of the residue of her estate " to the CANCER FOUNDATION, in memory of PAULINE C. MARTIN, to be used for cancer research." The executor is in doubt as to the identity of such legatee and has asked the court to receive evidence on the subject. Respondent, National Cancer Foundation, Inc., objects to evidence being taken, and contends that as a matter of law it is the legatee designated, and cites in support of this position *St. Luke's Home* v. *Association for Indigent Females* (52 N. Y. 191) and *Union Trust Co.* v. *St. Luke's Hospital* (74 App. Div. 330, affd. 175 N. Y. 505).

The first case cited is authority for the general proposition that where a testator sufficiently describes a legatee to identify

him or it without extrinsic evidence, evidence may not be received to show that testator meant a different legatee. The *Union Trust Co.* case cited (*supra*) holds that where the only difference between the name of a legatee in the will and the institution claiming to be the one intended is that in the will there is omitted the portion of a name of the legatee " denoting the locality in which the institution existed, or the State which incorporated it ", no ambiguity or uncertainty exists justifying receipt of evidence, *unless* (74 App. Div. 334–335) it is offered to prove facts directly connecting the testatrix with a different institution and showing that a mistake was made in the will designation. No such evidence was offered, and the court held that no other evidence was admissible.

Petitioner claims to have available in this case evidence of the character which the court in the *Union Trust Co.* case (*supra*) suggested might be admissible, and petitioner seeks opportunity to present it.

In *Matter of Smith* (254 N. Y. 283, 289) the court said: " It is the modern rule that ' with the exception of direct statements of intention, no extrinsic fact relevant to any legitimate question arising in the interpretation of writings and admissible under the general rules of evidence,' can be shut out." And at page 290 the court continued: " The question is whether certain facts, extrinsic to the writing, indicate that the literal meaning of the language employed is not in accord with the meaning which the testatrix intended to give it, and whether, when the real intent is shown, the words are adequate to express such intent." Even before *Matter of Smith* (*supra*) evidence of the sort here offered was held admissible. (*Matter of Van Vliet,* 224 N. Y. 572; *Baumann* v. *Steingester,* 213 N. Y. 328; *Matter of Coughlin,* 171 App. Div. 662, affd. 220 N. Y. 681) ; and such evidence has frequently been received since that decision (*Chase Nat. Bank* v. *Chicago Title & Trust Co.,* 164 Misc. 508; *Matter of Tinker,* 157 Misc. 200; *Matter of Blodgett,* 168 Misc. 898; *Matter of Schuster,* 175 Misc. 1072; *Matter of Hertzig,* 177 Misc. 598, and 177 Misc. 600.)

The application of petitioner for permission to present evidence as to the identity of said legatee is granted.

The matter is set down for July 18, 1952, at 10:30 A.M. at which time such evidence may be presented.