In the Matter of the Construction of the Will of FRANCES B. COMFORT, Deceased.

Surrogate's Court, Monroe County, November 21, 1952.

*Charles S. Wilcox* and *Russell A. Sibley* for Lincoln Rochester Trust Company, as executor of Frances B. Comfort, deceased, petitioner.

*J. Emmett O'Brien* for Esther B. Nicholl, respondent.

*Arthur VD. Chamberlain* for National Cancer Foundation, Inc., respondent.

WITMER, S.   This is a proceeding to determine the identity of a residuary legatee.  In paragraph " THIRD " of her will testatrix provided in part as follows:

" (b) One-third (⅓) of the balance to the CANCER FOUNDATION, in memory of PAULINE C. MARTIN, to be used for cancer research.

" (c) The remainder to the Trustees of the University of Rochester, of Rochester, New York, the income to be used for one or more scholarships for students at the College of Arts and Sciences at said University, to be known as the ' Milton S. Comfort Scholarship.' "

The executor and the respondent Esther B. Nicholl contend that by " CANCER FOUNDATION " testatrix meant the University of Rochester.   Respondent National Cancer Foundation, Inc., contends that it is the beneficiary intended.

The court previously authorized the presentation of evidence to aid in determining the identity of said residuary legatee (*Matter of Comfort,* 201 Misc. 1119), and evidence has since been received.

Respondent Esther B. Nicholl, sister and sole distributee of testatrix, contends that if the evidence is insufficient to show that testatrix meant the bequest to the " CANCER FOUNDATION " to go to the University of Rochester, it at least shows that testatrix did not intend the respondent National Cancer Foundation, Inc., and hence in such case the bequest should fail and such share pass to her as intestate property. She has indicated that in such event she would give the share to the University of Rochester for cancer research. In that case, however, the share would be subject to estate taxes.

Respondent National Cancer Foundation, Inc., points out that testatrix gave two thirds of the residue of her estate to the trustees of the University of Rochester to establish scholarships, and that had she meant the University of Rochester to have the remaining one third of her estate she would have said so in unmistakable terms instead of using the words " CANCER FOUNDATION ".

Said respondent objected to the testimony of Esther B. Nicholl on the ground that she was disqualified under section 347 of the Civil Practice Act. Since that witness testified against her own interest and in support of the contention that testatrix meant the share to go to the University of Rochester, she was not disqualified. The motion to strike out her testimony is denied, except as to any testimony by her in the record not related to supporting the contention that the share should go to the University of Rochester and which testimony was presented to show that testatrix did not mean respondent National Cancer Foundation, Inc. The motion of respondent National Cancer Foundation, Inc., to strike out such testimony is granted.

Said witness, Esther B. Nicholl, as testatrix' sister with whom testatrix and her husband lived for some time prior to the execution of this will, was in a good position to know what testatrix said at and about the time she gave the instructions for her will. She and several other disinterested witnesses have established that testatrix meant that this one-third share be paid to the University of Rochester for use by its trustees in its extensive research work in the field of cancer. Testatrix' husband was a graduate of the University of Rochester. He was a physician and was very much interested in the Strong Memorial Hospital of the University of Rochester. He sent

most of his patients to that hospital. Pauline C. Martin, foster daughter of him and testatrix and the person in whose memory said bequest was given, was treated for cancer in said hospital, and Dr. Comfort himself was treated on occasions therein. He predeceased testatrix by only a few months. Testatrix and he were very close to each other and she shared his views concerning the University of Rochester and the great work that that institution has been doing in cancer research. Dr. Comfort was also interested in an uranium mine, and at one time had some ore from his mine tested at the University of Rochester, and discussed with his wife how wonderful it would be if through their aid a cure for cancer might be found by the University of Rochester.

Moreover, the intermediaries who conveyed testatrix' ideas for her will to the draftsmen thereof, testified that testatrix meant that the University of Rochester be the one to receive this share for cancer research, and it appears that only through error was the name of the University of Rochester not expressly stated in the testamentary provision with respect to this share. The evidence received in no way violates the rule of *Matter of Kennedy* (167 N. Y. 163, 169–176).

On the other hand, the evidence shows that respondent National Cancer Foundation, Inc., is a new institution, the activities of which have been confined to giving aid to persons afflicted with cancer rather than laboratory and hospital cancer research. Its activities have been largely confined to the New York City area, although it appears that it has granted aid to some isolated cases in this area. There is no evidence that testatrix ever heard of this respondent or of its existence, and in view of the age of testatrix and her husband as compared with the newness of this respondent and the limited activities of this respondent, it is most unlikely that testatrix had any knowledge of its existence.

The evidence that in and prior to the year 1951 respondent Foundation had limited assets, with a large percentage of its income required for its overhead, including solicitations for funds, would undoubtedly have a bearing on whether or not testatrix would have selected it as the object of her gift. It does not appear, however, that testatrix had any knowledge of such facts. The motion to strike out that evidence is granted.

Upon the evidence presented and the authorities cited in the prior decision herein (201 Misc. 1119, *supra*), I find that by the words " CANCER FOUNDATION " testatrix meant the University of Rochester.

It is appropriate to add that were the court to hold that it does not sufficiently appear that testatrix meant to designate the University of Rochester to receive the gift in question, the court would also be compelled to hold, and it does hold, that testatrix did not intend the gift to go to the respondent National Cancer Foundation, Inc.

Nevertheless, testatrix has clearly indicated a charitable intent and purpose, and there is no occasion for the share passing by intestacy. Instead it is the duty of the court to apply the doctrine of cy pres, if necessary to prevent failure of testatrix' charitable purpose herein. (Personal Property Law, § 12; *Matter of Durbrow,* 245 N. Y. 469; *Matter of Idem,* 256 App. Div. 124, 126–127, affd. 280 N. Y. 756; *Matter of Kirkbride,* 261 App. Div. 853; *Matter of Merritt,* 254 App. Div. 292; *Prudential Ins. Co.* v. *Guild of Jewish Blind,* 252 App. Div. 493; *Matter of Walter,* 150 Misc. 512.)

It clearly appears from the evidence that the University of Rochester is fully equipped to perform the cancer research to which use testatrix expressed the wish that this share be put. It appears entirely consonant with testatrix' wishes and purposes that the fund be paid to the trustees of the University of Rochester in memory of Pauline C. Martin, to be used for cancer research, and it is directed that the share be paid to the trustees of the University of Rochester for such purpose on this count as well as upon the count above stated, to wit, that the University of Rochester is the intended beneficiary thereof for cancer research purposes.

Submit decree accordingly.