In the Matter of the Construction of the Will of J. H. Dobbins, Deceased.

Surrogate's Court, Monroe County, December 28, 1953.

*Donald S. Westfall* for John Dobbins, as executor of J. H. Dobbins, deceased, petitioner.

*David H. Shearer* for James E. Kearney, as Bishop of the Diocese of Rochester, on behalf of Society for the Propagation of the Faith, and others, respondents.

*Arthur VD. Chamberlain* for Mary E. Adams and others, respondents.

*Lewis H. Case,* special guardian for unknowns, respondents.

*Nathaniel L. Goldstein, Attorney-General (Philetus M. Chamberlain* of counsel), in his statutory capacity under section 12 of the Personal Property Law and section 113 of the Real Property Law, respondent.

WITMER, S. Again a lay testator "who drew his own will" has made business for the lawyers and the court. The will is short and is quoted in full, as follows:

" January 27, 1948

To Whom It May Concern:

In the event of my death, I wish that all my estate be converted into cash and after all expenses are paid that the remainder be given to the Missions for Masses for the Poor Souls. These are the exceptions. My Sister Florence may submit to and be paid by my executor a bill for any personal expense she may have assumed in caring for me at any time prior to my death. My diamond and signet rings should be given to Dan Dobbins. My car and watches to Bill and Florence. All other personal effects should be given to Bill and Florence. I select John Dobbins as executor and his decision or interpretation on any questions of my will must be final.

Signed J H Dobbins

Witnessed Carl A. Jensen

Edna A. Fox "

Construction is asked to determine the validity of the provision for "the Missions for Masses for the Poor Souls". It appears that there is no organization or society bearing that name. Testimony was presented concerning testator's background and the circumstances under which he made the will *(Matter of Smith,* 254 N. Y. 283), from which it appears that he was a member of the Roman Catholic Church, had studied for the priesthood, and on two separate occasions had been a

student in the diocesan seminaries, to wit, St. Andrew's and St. Bernard's. The evidence shows that to the Roman Catholic layman "Missions" is synonymous with "The Society for the Propagation of the Faith" and·that this is especially true to one who has studied for the priesthood, as had testator, and been a member of such society, contributed to it, and attended lectures by missionaries describing the work of the missions and how they are supported. The evidence further shows that the Society for the Propagation of the Faith supports missions wherein Masses are said for the poor souls, that is, those who have died and are in purgatory expiating the punishment for their sins.

Thus it is clear that the testator was referring to the missions supported by the Society for the Propagation of the Faith, and to that branch of the work of the society, and the language of his will was his loose manner of describing that society; and it is held that testator intended to designate the Society for the Propagation of the Faith.

Even if the legatee could not be ascertained with reasonable certainty, however, the bequest would not fail. Although the distributees originally argued that the bequest was void for indefiniteness, they later acknowledged such position to be untenable, as indeed it is. (See *Matter of Comfort,* 203 Misc. 669, 673, and authorities therein cited; see, also, *City Bank Farmers Trust Co.* v. *Arnold,* 283 N. Y. 184; *Matter of Lawless,* 194 Misc. 844, 856, affd. 277 App. Div. 1045, and *Matter of Colgan,* 204 Misc. 109.)

A bequest for missions is for a religious-charitable purpose which the statute upholds. (Personal Property Law, § 12; *Bowman* v. *Domestic & Foreign Missionary Soc.,* 182 N. Y. 494; *Matter of Norton,* 165 App. Div. 787; *Matter of Van Vechten,* 169 Misc. 328.) So, also, a bequest for the saying of Masses is for a religious-charitable purpose. (*Matter of Liebeck,* 109 N. Y. S. 2d 147, and cases therein cited.) As the above-cited cases show, if the beneficiary of a gift for charitable purposes cannot be ascertained, it is the court's duty to apply the cy pres doctrine, and cause the gift to be placed in hands which will carry out the terms of the gift so far as possible. The fact that the gift is not in trust but is outright, does not make inapplicable the doctrine of cy pres. *(City Bank Farmers Trust Co.* v. *Arnold,* 283 N. Y. 184, 194, *supra.)* In the case at Bar the Society for the Propagation of the Faith is unquestionably qualified to carry out completely the intent of the testator, and is the organization to receive the gift for such purpose.

The principal and remaining contention of the distributees is that the testator said only " I wish * * * the remainder be given to the Missions ", that he made no express gift or bequest to the missions, and that the language is merely precatory. They further argue that since the testator provided that the " decision or interpretation " of his executor " on any questions of my will must be final ", the executor has the right to do with the residue as he sees fit.

We must bear in mind that we are construing a will drafted by a layman. The provisions for the specific legacies are as much precatory as is the disposition of the residue. Words like " wish ", " desire ", or " request ", when used following an absolute gift, are often held to be precatory, but when used as in this will, they constitute words of direction and gift. (*Matter of Davidge,* 200 App. Div. 437; *Matter of Mahlstedt,* 140 Misc. 245, 249, affd. in this respect 234 App. Div. 891; *Matter of Golicki,* 116 Misc. 100.)

The discretion granted to the executor, so far as valid, relates to dealings with the testator's sister, Florence, and with the specific legatees, and it is held that the executor has no authority to divert the residue from the purpose for which the testator bequeathed it, nor to pay it to anyone but the Society for the Propagation of the Faith.

Submit decree accordingly.