Joseph A. Cox, S.
The testator directed that the remainder of the residuary trust created by his will be paid to “ Maple Grove Cemetery” in the town of North Brookfield, Massa *1069 chusetts. The uncontroverted allegations of the petition in this proceeding for construction of the will are that there is not and never has been a cemetery in North Brookfield known as Maple Grove Cemetery; that many years before his death the testator purchased a plot in Walnut Grove Cemetery in North Brook-field; that the parents of the decedent, Ms first two wives, Ms sister and the testator himself are buried in that plot; that there also is a cemetery known as Maple Street Cemetery in North Brookfield; that in recent years there have been very few interments in the latter cemetery and that no relative of the testator is buried in that cemetery.
The misdescription of the trust remainderman in the will permits resort to extrinsic evidence to explain the ambiguity (Matter of Smith, 254 N. Y. 283; Matter of Van Vliet, 224 N. Y. 572; Baumann v. Steingester, 213 N. Y. 328; Matter of Manning, 196 App. Div. 575, affd. 232 N. Y. 512). This evidence unrefuted as it is, identifies the Walnut Grove Cemetery as the legatee intended by the testator. The ownership of a plot in that cemetery, the interment of the remains of the testator’s immediate family therein and the lack of connection on the testator’s part with the other cemetery in the locality are facts establishing that, despite the misnomer in the will, the testator’s purpose was to benefit the Walnut Grove Cemetery (Matter of Jolson, 202 Misc. 907; Matter of Comfort, 201 Misc. 1119; Matter of White, N. Y. L. J., Feb. 24, 1942, p. 815, col. 1, affd. 265, App. Div. 808; Matter of Hertsig, 177 Misc. 600).
Submit decree on notice construing the will accordingly.