In the Matter of the Construction of the Will of Stanley Yadach, Deceased. John Yadach et al., Appellants; Peter F. Yadach, as Administrator C. T. A. of the Estate of Stanley Yadach, Deceased, Respondent.

Third Department, March 27, 1958.

356

*Edward A. McMahon* for appellants.

*James C. Steenbergh* for respondent.

GIBSON, J. Testator bequeathed his residuary estate to the pastors of certain churches, " to be equally divided between each of said Pastors and to be used for High Masses for the Eternal Repose of my soul and my wife Mary's soul." The petitioners-appellants are sons of testator and contend that the bequests are invalid to the extent that they aggregate more than one half of the estate, after payment of debts. (Decedent Estate Law, § 17.) The Surrogate's Court held that the bequests were to the pastors as individuals and were not within the contemplation of section 17 which provides, in part: " No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

In *Matter of Morris* (227 N. Y. 141) a bequest to an executor " to pay funeral expenses, say masses and put a modest tomb-stone over my remains " (p. 143) was held to be a charitable trust in respect of the provision for masses and not void for indefiniteness. The court said (p. 144): " ' Masses are religious ceremonials or observances of the church of which she was a member, and come within the religious or pious uses which are upheld as public charities.' (*Schouler, Petitioner,* 134 Mass. 426.) She could give her estate outright to any charity and she was free to dedicate it to this particular charity." It was indicated in *Matter of Idem* (256 App. Div. 124, affd. 280 N. Y. 756) that a bequest to a named association in Ohio " for masses " was not an outright bequest so that it would have been invalid if made to an unincorporated association in New York, and the court said, if only by way of dictum, that the " bequest is in trust ", so as to be susceptible of administration by the Supreme

Court (Personal Property Law, § 12) were the association not able to take. It was held in *Matter of Dobbins* (206 Misc. 64, 66) that "a bequest for the saying of Masses is for a religious-charitable purpose" and the cy pres doctrine was applied, the case differing from *Matter of Idem* (*supra*), however, in that the gift seems to have been regarded as outright. In *Matter of Lawless* (194 Misc. 844, 846, affd. 277 App. Div. 1045) it was said that a bequest "for the celebration of masses is of a charitable nature and constitutes a gift in trust for a charitable use". In *Matter of Steiner* (172 Misc. 950) and in *Matter of Fleishfarb* (151 Misc. 399) bequests for the observance of the Yahrzeit in the Jewish faith were held to constitute trusts for religious uses and were thus saved by section 12 of the Personal Property Law from the operation of the Statute against Perpetuities. In *Matter of Liebeck* (9 Misc 2d 958) Surrogate WITMER wrote: "Although there are many early decisions in the lower courts of this State holding that bequests for the purpose of saying masses are not for religious or charitable purposes, it has long since been held that they do constitute gifts for such purposes, and that the beneficiaries receive the gifts in trust therefor."

The weight of authority, depending largely on *Matter of Morris* (*supra*), thus finds provisions for masses, such as are contained in this will, to be for religious or charitable uses and purposes within the purview of the various statutes and rules of law applicable to the cases cited. The conclusion seems to us inevitable that a bequest for that purpose is for a religious purpose within the meaning of section 17 of the Decedent Estate Law as well. The result seems to us no different if in actuality the bequest be treated as in the nature of an honorarium (see reference to "outright" gift in *Matter of Dobbins, supra*, p. 66, and our reference, *infra*, to Surrogate FOLEY's letter) for which the donee is in no way accountable, since the test under the statute is merely whether the bequest is to a religious purpose, whatever the means chosen to effectuate it and whether the bequest be "in trust or otherwise".

The opinion below relied on *Matter of Zimmerman* (22 Misc. 411) and on *Matter of Brown* (135 Misc. 611) which followed it. The *Zimmerman* case was decided prior to the amendment of section 17 by chapter 301 of the Laws of 1923, prior to which the statute dealt with bequests "to any * * * charitable * * * religious or missionary society, association or corporation". The amendment added the words "or purpose", so that the clause read "to any * * * charitable * * * religious or missionary society, association, corporation *or*

*purpose*''. The bill jacket referable to the amendment contains a letter addressed to Governor Smith by Surrogate FOLEY recommending approval of the bill to overcome the evasion of the then existing statute recognized in *Allen* v. *Stevens* (161 N. Y. 122, 148) holding that by the enumeration of corporations and societies a gift for charity in trust to an individual was not prohibited. In the *Brown* case (*supra*), decided after the amendment, Surrogate WINGATE followed *Zimmerman* (*supra*) without comment. Later, in *Matter of Breckwoldt* (176 Misc. 549) the same Surrogate indicated by way of dictum that the rule in *Zimmerman* and *Brown* was still valid, on the theory that such bequests were not for '' a general religious purpose '', since the object was '' not to promote religion as a whole, but   *   *   * to secure for the testator a particular individual benefit '' (p. 551). The decision proceeded, however, to hold that the legacy, having been declined by the donee, could be validated as a gift for religious purposes within the meaning of section 12 of the Personal Property Law. If the court did not expressly recognize this seeming inconsistency, it did observe that if the case were of first impression the court's holding would be otherwise, but that it was bound by the decision in *Matter of Morris* (*supra*). We are unable to reconcile the dictum in the *Breckwoldt* case, or the decisions in the cases relied upon by the court below, with the *Morris* case and the later authorities, or with the language of the statute, and, therefore, decline to follow them.

The decree should be reversed, on the law, and the matter remitted to the Surrogate's Court for entry of a decree adjudging that the bequests of testator's residuary estate are invalid to the extent that the aggregate amount thereof shall exceed one half of testator's estate, after the payment of his debts; with one bill of costs to appellants, payable from the estate.

FOSTER, P. J., BERGAN and COON, JJ., concur.

Decree reversed, on the law, and the matter remitted to the Surrogate's Court for entry of a decree adjudging that the bequests of testator's residuary estate are invalid to the extent that the aggregate amount thereof shall exceed one half of testator's estate, after the payment of his debts; with one bill of costs to appellants, payable from the estate.